**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | )   **CIVIL CASE NO.** |
| | ) |
| TSURT, LLC and PEARL JAM, LLC, | ) |
| | ) |
| | )   **COMPLAINT FOR TRADEMARK** |
| Plaintiffs, | )   **INFRINGEMENT AND UNFAIR** |
| | )   **COMPETITION** |
| v. | ) |
| | ) |
| VARIOUS JOHN DOES, JANE DOES and | ) |
| ABC COMPANIES | ) |
| | ) |
| Defendants. | ) |
| | ) |

1.      This Court has exclusive jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. §§1121, 1125, 1126 and 1116.  This action arises under the Lanham Trademark Act (15 U.S.C. §1051, et seq.).

2.      TSURT, LLC ("TSURT") is a limited liability company organized under the laws of California with a place of business in San Clemente, California. Plaintiff Pearl Jam, LLC ("Pearl Jam") is a Washington limited liability company with a place of business in Seattle, Washington.

3.      Upon information and belief, Defendants Various John Does and Jane Does are residents of or transact and do business in and/or will be present in New York, New York on and before September 3 and 4, 2024 or are now conspiring to travel and otherwise traveling to the other states listed in Schedule A hereto and are subject to the jurisdiction of this Court.  The identities of the Various John Does and Jane Does are not presently known.

4.      Upon information and belief, Defendants ABC Companies, through their agents, servants and employees, transact and do business in and/or will be present in New York, New York on and before September 3 and 4, 2024 or are now conspiring to travel and otherwise traveling to other states listed in Schedule A hereto and are subject to the jurisdiction of this Court.  The identities of the ABC Companies are not presently known.

1

## THE PARTIES

5.      Since as early as 1991, Pearl Jam has used the PEARL JAM trademark to identify itself in all phases of the entertainment industry and to distinguish itself from other professional musical performers.

6.      Pearl Jam has granted TSURT the exclusive right to market merchandise, including, but not limited to, clothing, jewelry, photographs and posters bearing the PEARL JAM name, trademark, logos, and/or likenesses at concert engagements throughout the United States.

7.      Defendants are numerous independent unlicensed peddlers and  manufacturing and distributing companies who will be attempting to distribute and sell unauthorized bootleg and inferior merchandise embodying the PEARL JAM name, trademark, logos and/or likenesses (hereinafter referred to collectively as "Bootleg Merchandise") including, but not limited to, t-shirts outside the confines of Madison Square Garden, New York, New York on September 3 and 4, 2024 and at Pearl Jam concerts on its present concert tour,  a partial itinerary of which is listed on Exhibit A hereto, in violation of Plaintiffs' rights under the Lanham Act.  The identities of Defendants are not presently known and cannot be known unless they voluntarily permit themselves to be identified.

## BACKGROUND

8.      To date, in excess of 30 Million copies of recordings embodying the performances of Pearl Jam have been sold.

9.      To date, in excess of Ten Million Dollars' worth of licensed merchandise bearing the PEARL JAM name, trademark, logos and/or likenesses have been sold.

10.     Since as early as 1991, Pearl Jam has used the PEARL JAM mark to identify its services as musical performers. Pearl Jam has sought to distinguish merchandise pertaining to it from merchandise made and sold and pertaining to others by prominently displaying the PEARL JAM trademark and/or likenesses on t-shirts and other merchandise items associated with Pearl Jam.

11.     TSURT has been granted the exclusive license to sell merchandise bearing the PEARL JAM name, trademark, logo and likenesses at Pearl Jam concert engagements throughout the United States.

12.     Pearl Jam has embarked on the second leg of its 2024 concert tour of the United States. Virtually all of those concerts are or will be sold out.  The Pearl Jam concert itinerary, in part, is annexed hereto as Exhibit A.

13.     Based upon experience in selling Pearl Jam merchandise, including, but not limited to, t-shirts, at similar concerts and performances throughout the United States, it can be stated with near certainty that outside the concerts halls at which Pearl Jam is performing, before, during and after their appearances, Defendants have and will attempt to sell imitation and inferior Bootleg Merchandise.

14.     The sale of the Bootleg Merchandise by Defendants is and will be without Plaintiffs' permission or authority.

15.     This unlawful activity results in irreparable harm and injury to Plaintiffs in that, among other things, it deprives Plaintiffs of their absolute right to determine the manner in which the Pearl Jam image is presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on the reputations of Plaintiffs as well as their commercial value and exclusive rights in the PEARL JAM trademark and it irreparably harms and injures Plaintiffs' reputations.
.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. §1125(a)

16.     Plaintiffs repeat and reallege paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17.     This count arises under Section 43(a) of the Lanham Act relating to trademarks, trade names and unfair competition entitled "False Designation of Origin and False Descriptions Forbidden," 15 U.S.C. §1125(a), and involves false descriptions in commerce.

18.    The PEARL JAM trademark, likenesses and logos have been used widely throughout the United States.  As a result of the same, the PEARL JAM trademark, likenesses and logos have developed and now have a secondary and distinctive trademark meaning to purchasers of goods including, but not limited to, t-shirts. The PEARL JAM mark was registered with the United States Patent and Trademark Office on August 15, 1995 in connection with clothing and other products, Registration No. 1,911,524, and it has been renewed twice.

19.    The Bootleg Merchandise sold by Defendants, which contains the PEARL JAM likenesses, logos and/or trademark, is of the same general nature and type as the merchandise sold and/or authorized to be sold by TSURT.  Because the Bootleg Merchandise is so related to and indistinguishable from authorized merchandise that TSURT sells, it is likely to, and is certainly intended to, cause confusion to purchasers.

20.    Defendants, by misappropriating and using the PEARL JAM trademark, likenesses and logos, have misrepresented and falsely described to the general public the origin and source of the Bootleg Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Bootleg Merchandise sold at Pearl Jam concert dates.

21.    In addition, Defendants' sale of the Bootleg Merchandise will infringe upon and dilute the Pearl Jam trademark and logos.

22.    The Bootleg Merchandise is, in most instances, of inferior quality and the sale thereof will be damaging to and will dilute the goodwill generated by Pearl Jam and the reputations that Plaintiffs have developed in connection with the sale of legitimate and quality merchandise.

23.    Defendants' unlawful merchandising activities have been and will be conducted without the permission or authority of Plaintiffs and said actions constitute express and implied misrepresentations that the Bootleg Merchandise was created, authorized or approved by Plaintiffs. Defendants have not obtained any license, authority or approval to manufacture, distribute or sell such Bootleg Merchandise.

24.    Defendants' acts are in violation of 15 U.S.C. §1125(a) in that Defendants will use, in connection with goods and services, a false designation of origin and will continue to cause those goods (the Bootleg Merchandise) to enter into interstate commerce.

25.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, will suffer irreparable harm and injury to Plaintiffs' images and reputations as a result thereof.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of 15 U.S.C. § 1114

26.     Plaintiffs repeat and reallege paragraphs 1 through 15 and 17 through 25 as if fully set forth here.

27.     Plaintiff Pearl Jam owns the following trademark registered in the United States Patent and Trademark Office:

| Trademark | Registration No. |
|---|---|
| PEARL JAM | Registration No. 1,911,524 |
| | International Class 25 |
| | For: t-shirts and other products |
| | Registered August 15, 1995 |

28.     Defendants, with actual and constructive notice of Pearl Jam's use of the PEARL JAM mark, have utilized the PEARL JAM mark on Defendants' products.  Defendants have printed and sold said products by interstate transport and/or in a manner that affects interstate commerce.

29.     Defendants' use of the PEARL JAM mark is likely to and is causing confusion, mistake and deception among customers and members of the public as to the source of origin of Defendants' goods and is likely to deceive the public into believing that the merchandise sold by Defendants emanates from Plaintiffs to the damage and detriment of Plaintiffs' good will, reputation and sales.  Such acts constitute willful violations of 15 U.S.C. § 1114.

30.     Plaintiffs will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to Plaintiffs' images and reputations as a result thereof.

31.     As a result of said Defendants' activities, Plaintiffs have been damaged in an amount not yet determined or ascertainable.

## DAMAGES

32.     Plaintiffs repeat and reallege paragraphs 1 through 15, 17 through 25 and 27 through 31 of this Complaint as if fully set forth herein.

33.     It is impossible to ascertain the amount of compensation that will afford Plaintiffs adequate relief for the actual, threatened and contemplated unlawful activities of Defendants. Plaintiffs will have no adequate remedy in the event that such unlawful activities are allowed to continue to occur.

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

1.     The Court issue a Temporary Restraining Order and a Preliminary Injunction restraining, enjoining and prohibiting Defendants from manufacturing, distributing or selling merchandise bearing the PEARL JAM name, trademark, logos and/or likenesses and/or anything confusingly similar thereto.

2.     The Court order the United States Marshal(s), state county and/or local law enforcement authorities to seize and impound any and all of the merchandise described in subdivision 1 above, which the Defendants attempt to sell or hold for sale outside of and within the confines of the concert halls at which Pearl Jam is performing before, during or after Pearl Jam concert performances.

3.     After a hearing on the merits, this Court issue a Permanent Injunction prohibiting Defendants from selling or attempting to sell merchandise described in subdivision 1 above and ordering seizure and destruction of all such merchandise wherever found.

4.      Such other and further relief which this Court deems to be reasonable, necessary and just.


Dated:  September 2, 2024                          Respectfully submitted,


                                                          S/Kenneth A. Feinswog
                                                          Kenneth A. Feinswog, Esq.
                                                          Attorney for Plaintiffs
                                                          400 Corporate Pointe, Suite 300
                                                          Culver City, CA  90230
                                                          Telephone:  310-846-5800
                                                          Email:  kfeinswog@gmail.com

7