# EXHIBIT A

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071)
MIMS, KAPLAN, BURNS & GARRETSON (PHV to be requested)
28202 Cabot Road, Ste 300
Laguna Niguel, California 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x

| | |
|---|---|
| **BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,** | **CIVIL ACTION NO. 1:24-cv-06517** |
| Plaintiff, | [PROPOSED] TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE |
| v. | |
| **JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANY,** | |
| Defendants. | |

———————————————————————x

Based upon the complaint, memorandum of points and authorities, Declaration of Ashley Fogerty and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein, and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants"), show cause before the Honorable Paul A. Engelmayer, United States District Court Judge, in the United States

District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York at 10 a.m. on September 11 , 2024 or as soon thereafter as counsel can be heard, why an order pursuant to the Lanham Act 15 U.S.C. § 1051 et. seq., Fed. R. Civ. P. Rule 65, and the All Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff, Bravado International Group Merchandising Services, Inc., a preliminary injunction to enjoin Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist, **"NICKI MINAJ"** (collectively, the "Artist's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Artist's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Artist's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Artist

Artist's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Artist's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof whichever occurs first, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Artist's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Artist's Trademarks (namely of **"NICKI MINAJ"**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which the Artist's tour shall be performing, including but not limited to in connection with the concert to be held on September 7, 2024 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ 5,000 no later than September 4, at 5 p.m. 2024, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

3

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient; Plaintiffs must serve defendants on or before _September 9_, 2024. at 9 a.m.

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before _September 10_, 2024. at 9 a.m. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before _September 10_, 2024. at 5 p.m. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any defendant can apply to this Court to modify or dissolve this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or to stay its terms unless otherwise ordered by this Court.

       **IT IS SO ORDERED.**

Dated: _Avgust 30_ , 2024
At: _____ . m.

       _Paul A. Engelmayer_
       _____
       **HONORABLE** _Paul A. Engelmayer_
       **UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

By: /s/ Mark Bradford
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, NY 11215
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

Attorneys for Plaintiff

ORIGINAL

Mark Bradford (MB 6002)
**MARK BRADFORD, PC**
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/23

Cara R. Burns (CB 1071)
**MIMS, KAPLAN, BURNS & GARRETSON (PHV to be requested)**
28202 Cabot Road, Ste 300
Laguna Niguel, California 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————x

| | |
|---|---|
| MERCH TRAFFIC, LLC, | CIVIL ACTION NO. 1:23-cv-6794 |
| Plaintiff, | [~~PROPOSED~~] TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE |
| v. | |
| JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANY, | |
| Defendants. | |

LLS

——————————————————————x

Based upon the complaint, memorandum of points and authorities, Declaration of Emily Holt and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein, and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants"), show cause before the Honorable **Louis L. Stanton**, United States District Court Judge, in the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New

York at 2:30 P.m. on Aug. 16   , 2023 or as soon thereafter as counsel can be heard, why an

order pursuant to the Lanham Act 15 U.S.C. § 1051 et. seq., Fed. R. Civ. P. Rule 65, and the All

Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff, Merch Traffic, LLC, a

preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or

holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively

the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks,

service marks, likenesses, logos and other indicia of the Group, **"JONAS BROTHERS"**

(collectively, the "Group's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute

the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's

complaint and declaration, and will continue to carry out such acts unless restrained by order of

the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or

damage will result to the Plaintiff before Defendants can be identified and given notice and their

attorneys can be heard in opposition to the granting of the temporary restraining order, in that the

Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth

in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture,

distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the

form of a loss of income, lessening and dilution of the value of the Group's Trademarks,

interference with Plaintiff's ability to exploit, market and license its merchandising rights,

confusion in the marketplace as to the duly authorized source of merchandise depicting the

Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said

Group's Trademarks;

2

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof whichever occurs first, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of **"JONAS BROTHERS"**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which the Group's tour shall be performing, including but not limited to in connection with the concerts to be held on August 12 and August 13, 2023 at Yankee Stadium in the Bronx, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ 15, 000 no later than August 10, 2023, to secure the payment of     LLS
such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

/ / /

3

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before __Aug. 15__ , 2023. Any reply shall be filed by the Plaintiff and served __at noon__ upon each appearing defendant or his/her counsel on or before __Aug. 16__ , 2023. Plaintiff is __at noon__ to provide copies of all other filed pleadings at the request of any identified defendant;

///

4

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a
copy of this order who objects to the provisions hereof may submit his or her objections to this
Court or otherwise move for relief from this Court according to the Federal Rules of Civil
Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any defendant can apply to this
Court to modify or dissolve this Order on two (2) days' notice or shorter notice as this Court may
allow, but no such application shall serve to suspend this Order or to stay its terms unless otherwise
ordered by this Court.

**IT IS SO ORDERED.**

Dated: August __3__ , 2023

At: __1:43__ pm.

_Louis L. Stanton_

**HONORABLE** _____
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

By: _____
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

Attorneys for Plaintiff

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071)
MIMS, KAPLAN, BURNS & GARRETSON (PHV to be requested)
28202 Cabot Road, Ste 300
Laguna Niguel, California 92677
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————x

| | |
|---|---|
| MERCH TRAFFIC, LLC, | CIVIL ACTION NO. 1:23-cv-2459 |
| Plaintiff, | [PROPOSED] TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE |
| v. | |
| JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANY, | |
| Defendants. | |

——————————————————————x

Based upon the complaint, memorandum of points and authorities, Declaration of Emily Holt and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein, and good cause being shown:

IT IS HEREBY ORDERED that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants"), show cause before the Honorable Ronnie Abrams, United States District Court Judge, in the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New

1

York at __11__ __A__.m. on __March 30__, 2023 or as soon thereafter as counsel can be heard, why an order pursuant to the Lanham Act 15 U.S.C. § 1051 et. seq., Fed. R. Civ. P. Rule 65, and the All Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff, Merch Traffic, LLC, a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Group, **"BRUCE SPRINGSTEEN & THE E STREET BAND"** or of **"BRUCE SPRINGSTEEN"** or **"E STREET BAND"** (collectively, the "Group's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the

2

Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Group's Trademarks;

IT IS FURTHER ORDERED that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof whichever occurs first, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

AND IT IS FURTHER ORDERED that the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of **"BRUCE SPRINGSTEEN & THE E STREET BAND"** or of **"BRUCE SPRINGSTEEN"** or **"E STREET BAND"**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which the Group's tour shall be performing, including but not limited to in connection with the concerts to be held on April 1, 2023 at Madison Square Garden in New York, New York;

AND IT IS FURTHER ORDERED that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ _Sow_ no later than _March 24_, 2023, to secure the payment of

3

such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before _March 28_, 2023. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before _March 29_, 2023. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

4

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any defendant can apply to this Court to modify or dissolve this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or to stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: March 2 3 , 2023
At: 9 25 pm.

PART I

**HONORABLE** C/Ro TTY
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

By: _____
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

5

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 18 CV 7551

---------------------------------------------x

LIVE NATION MERCHANDISE, INC.,

        **Plaintiff,**

v.

JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,

        **Defendants.**

---------------------------------------------x

CIVIL ACTION NO.  18 CV

[~~PROPOSED~~]
TEMPORARY
RESTRAINING ORDER;
SEIZURE ORDER; AND
ORDER TO SHOW CAUSE
WHY A PRELIMINARY
INJUNCTION AND SEIZURE
ORDER SHOULD NOT ISSUE

Based upon the complaint, memorandum of points and authorities, Declaration of

Peter Weber and the Certificate of Counsel of Cara R. Burns and all other pleadings and

proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100

and XYZ Company their true identities being unknown  (collectively "Defendants"), show

1

cause before the Honorable _P. Kevin Castel_ , United States District Court Judge,

in the United States District Court for the Southern District of New York, located at 500

Pearl Street, New York, New York at _4:00 p_ .m. on _Sept. 4_ , 2018 or as soon

thereafter as counsel can be heard, why an order pursuant to the Lanham Act 15 U.S.C.

§ 1051 et. seq., Fed. R. Civ. P. Rule 65, and the All Writs Act 28 U.S.C. § 1651 should not

be entered granting to Plaintiff, Live Nation Merchandise, Inc., a preliminary injunction to

enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any

clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing

Merchandise") and to seize the same bearing the federally registered trademarks, service

marks, likenesses, logos and other indicia of the Artist **"DRAKE"** (collectively, the

"Artist's Trademarks").

    **AND IT APPEARING TO THE COURT** that Defendants are about to sell and

distribute the Infringing Merchandise bearing any or all of the Artist's Trademarks as set

forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless

restrained by order of the Court;

    **AND IT APPEARING TO THE COURT** that immediate and irreparable injury,

loss or damage will result to the Plaintiff before Defendants can be identified and given

notice and their attorneys can be heard in opposition to the granting of the temporary

restraining order, in that the Defendants are preparing to manufacture, distribute and sell

Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said

Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will

suffer immediate and irreparable injury and harm in the form of a loss of income, lessening

and dilution of the value of the Artist's Trademarks, interference with Plaintiff's ability to

exploit, market and license its merchandising rights, confusion in the marketplace as to the

duly authorized source of merchandise depicting the Artist's Trademarks, and impairment

of the good will Plaintiff and its licensors have in the said Artist's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this

application, or the expiration of fourteen (14) days from the date hereof whichever occurs

first, the Defendants, their agents, servants, employees, attorneys, successors and assigns

and all persons, firms and corporations acting in concert with them, and each of them, be

and hereby are temporarily restrained from manufacturing, distributing and selling

Infringing Merchandise bearing the any or all of the Artist's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this

District, the state police, local police or local deputy sheriffs, off duty officers of the same,

and any person acting under their supervision, are hereby authorized to seize and impound

any and all Infringing Merchandise bearing any or all of the Artist's Trademarks (namely

of **DRAKE**), which defendants attempt to sell or are holding for sale, including from any

carton, container, vehicle, or other means of carriage in which the Infringing Merchandise

is found from four (4) hours before to four (4) hours after any performance of the tour

within a four (4) mile vicinity of the halls, stadiums or arenas at which the Artist's tour

shall be performing, including but not limited to in connection with the concerts to be held

August 24, 25, 27, and 28, 2018 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned

upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond,

certified check, or cash in the amount of $ _5000 00_ no later than _Sept. 4_ , 2018, to

3

secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before noon on Sdt 2018. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before

4

noon on Sept 4, 2018. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any defendant can apply to this Court to modify or dissolve this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or to stay its terms unless otherwise ordered by this Court.

       **IT IS SO ORDERED.**

Dated: *August 20* 2018
At: *10:15* a. m.

Respectfully submitted,

By
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, CA 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

**HONORABLE** *Loretta A. Preska*
**UNITED STATES DISTRICT JUDGE**

Mark Bradford (MB 6002)
**MARK BRADFORD, PC**
299 12th Street
Brooklyn, New York 11215-4903
Tel: (347) 413-3287; Fax: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071)
**HICKS, MIMS, KAPLAN & BURNS**
2800 28th Street, Ste 383
Santa Monica, California 90405
Tele: (310) 314-1721; Fax: (310) 314-1725
cburns@hmkblawyers.com



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————— x

**LIVE NATION MERCHANDISE, INC.,**                    **ACTION NO. 1:18-cv-7551 LAP**

            **Plaintiff,**                                      [~~PROPOSED~~]
                                                      **PRELIMINARY INJUNCTION**
**v.**                                                **AND SEIZURE ORDER**

**JOHN DOES 1-100, JANE DOES**
**1-100, AND XYZ COMPANY,**

           **Defendants.**

—————————————————————— x

### [PROPOSED] PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Artist **"DRAKE"** (collectively, the "Artist's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Loretta A. Preska on the 26th day of September, 2018, at the United

1

States Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.    By reason of the substantial and continuous use of the Artist's Trademarks in connection with the Artist's work as a performer, said marks have acquired meanings identified with the Artist and with products and services associated with him;

2.    The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Trademarks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.    The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.    Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)      Using any or all of the Artist's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)      Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

( c)      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Artist's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Artist (namely **"DRAKE"**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives

attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from four (4) hours before to four (4) hours after any performance of the Artist within a four (4) mile vicinity of the stadiums, arenas or other places at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other places at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date

of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Thousand Dollars ($5,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: September **26**, 2018

At: **11:15 a**. m.

*Loretta A. Preska*

**THE HONORABLE LORETTA A. PRESKA**
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,
By: _____
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, NY 11215-4903
Tel: (347) 413-3287; Fax: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, CA 90405
Tel: (310) 314-1721/ Fax: (310) 314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

**Mark Bradford (MB 6002)**
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215-4903**
**Tel: (347) 413-3287**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071)**
**HICKS, MIMS, KAPLAN & BURNS**
**28202 Cabot Road, Ste 300**
**Laguna Niguel, California 9267705**
**Tele: (310) 314-1721; Fax: (310) 314-1725**
**cburns@hmkblawyers.com**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————x

**MERCH TRAFFIC, LLC,**                             **NO. 1:21-cv-08283 AT**

      **Plaintiff,**                                        **PRELIMINARY**
                                                                   **INJUNCTION AND SEIZURE**
**v.**                                                             **ORDER**

**JOHN DOES 1-100, JANE DOES**
**1-100, AND XYZ COMPANY,**

      **Defendants.**
————————————————————x

## PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff Merch Traffic, LLC ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Artist **"HARRY STYLES"** (collectively, the "Artist's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Analisa Torres on the 22nd day of October, 2021, at the United States

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/22/2021__

Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the Artist's Trademarks in connection with the Artist's work as a performer, said marks have acquired meanings identified with the Artist and with products and services associated with him;

2. The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Trademarks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.     Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Artist's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

( c )     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Artist's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Artist (namely **"HARRY STYLES"**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or

3

representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from four (4) hours before to four (4) hours after any performance of the Artist within a four (4) mile vicinity of the stadiums, arenas or other places at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other places at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date

4

of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Thousand Dollars ($5,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

SO ORDERED.

Dated: October 22, 2021
    New York, New York

_____
**ANALISA TORRES**
**United States District Judge**

JUDGE BRODERICK

Mark Bradford (MB 6002)
**MARK BRADFORD, PC**
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
**HICKS, MIMS, KAPLAN & BURNS**
2800 28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

17 CV 2265

———————————————————— x

**LIVE NATION MERCHANDISE, INC.,**

              **Plaintiff,**

v.

**JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,**

           **Defendants.**

———————————————————— x

**CIVIL ACTION NO. 17 CV**

~~[PROPOSED]~~
**TEMPORARY
RESTRAINING ORDER;
SEIZURE ORDER; AND
ORDER TO SHOW CAUSE
WHY A PRELIMINARY
INJUNCTION AND SEIZURE
ORDER SHOULD NOT ISSUE**

Based upon the complaint, memorandum of points and authorities, Declaration of Peter Weber and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants"), show

1

cause before the Honorable __Vernon S. Broderick__, United States District Court Judge,

in the United States District Court for the Southern District of New York, located at 500

Pearl Street, New York, New York at __1 00__p.m. on __Apr. 27__, 2017 or as soon

in Courtroom 518

thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the

Lanham Act 15 U.S.C. § 1051 et. seq., and the All Writs Act 28 U.S.C. § 1651 should not

be entered granting to Plaintiff, Live Nation Merchandise, Inc., a preliminary injunction to

enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any

clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing

Merchandise") and to seize the same bearing the federally registered trademarks and

service marks (attached hereto as Exhibit A), and likenesses, logos and other indicia of the

Artist **"JOHN MAYER"** (collectively, the "Artist's Trademarks").

 **AND IT APPEARING TO THE COURT** that Defendants are about to sell and

distribute the Infringing Merchandise bearing any or all of the Artist's Trademarks as set

forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless

restrained by order of the Court;

 **AND IT APPEARING TO THE COURT** that immediate and irreparable injury,

loss or damage will result to the Plaintiff before Defendants can be identified and given

notice and their attorneys can be heard in opposition to the granting of the temporary

restraining order, in that the Defendants are preparing to manufacture, distribute and sell

Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said

Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will

suffer immediate and irreparable injury and harm in the form of a loss of income, lessening

and dilution of the value of the Artist's Trademarks, interference with Plaintiff's ability to

exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Artist's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Artist's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof whichever occurs first, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Artist's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Artist's Trademarks (namely of **JOHN MAYER**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which the Artist's tour shall be performing, including but not limited to in connection with the concert to be held April 5, 2017 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ 10,000  no later than  Mar. 31 , 2017, to

3

secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before ~~April 6,~~ , 2017. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before

4

April 27, 2017 at 9:00 am. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any defendant can apply to this Court to modify or dissolve this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or to stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: 3/29/17, 2017
At: 1:25 p. m.

**HONORABLE** Vernon S. Broderick
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

By:
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, CA 90405
Telephone: (310) 314-1721/ Facsimile: (310) 314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

*KapLan*

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (pro hac vice to be requested)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 15 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

LIVE NATION MERCHANDISE, INC.,

      Plaintiff,

v.

JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,

      Defendants.

------------------------------------------------x

CIVIL ACTION NO. 16 CV 0336 (LAK)

[PROPOSED]
TEMPORARY
RESTRAINING ORDER;
SEIZURE ORDER; AND
ORDER TO SHOW CAUSE
WHY A PRELIMINARY
INJUNCTION AND SEIZURE
ORDER SHOULD NOT ISSUE

Based upon the complaint, memorandum of points and authorities, Declaration of

Peter Weber and the Certificate of Counsel of Cara R. Burns and all other pleadings and

proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100

and XYZ Company their true identities being unknown  (collectively "Defendants"),

show cause before the Honorable _LEWIS A. KAPLAN_____, United States District Court

Judge, in the United States District Court for the Southern District of New York, located

at 500 Pearl Street, New York, New York at _9:30_a_.m. on _JAN. 20_, 2016 or as

*in Courtroom 21B*

soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65,

the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting to Plaintiff,

Live Nation Merchandise, Inc., a preliminary injunction to enjoin the Defendants from

manufacturing, distributing, selling or holding for sale, any clothing, jewelry,

photographs, posters and other merchandise (collectively the "Infringing Merchandise")

bearing the federally registered trademarks, service marks, likenesses, logos and other

indicia of the Group **"BRUCE SPRINGSTEEN AND THE E STREET BAND"**

(collectively, the "Trademarks").

     **AND IT APPEARING TO THE COURT** that Defendants are about to sell and

distribute the Infringing Merchandise bearing any or all of the Trademarks as set forth in

Plaintiff's complaint and declarations, and will continue to carry out such acts unless

restrained by order of the Court;

     **AND IT APPEARING TO THE COURT** that immediate and irreparable injury,

loss or damage will result to the Plaintiff before Defendants can be identified and given

notice and their attorneys can be heard in opposition to the granting of the temporary

restraining order, in that the Defendants are preparing to manufacture, distribute and sell

Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said

Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will

suffer immediate and irreparable injury and harm in the form of a loss of income,

lessening and dilution of the value of the Trademarks, interference with Plaintiff's ability

to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof, whichever first occurs, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of **BRUCE SPRINGSTEEN AND THE E STREET BAND**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group's Tour shall be performing, including but not limited to in connection with the concerts to be held January 24 and 27, 2016 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond,

certified check, or cash in the amount of $ 10,000 no later than Jun 15, 2016, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

AND IT IS FURTHER ORDERED that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

AND IT IS FURTHER ORDERED that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

AND IT IS FURTHER ORDERED that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

AND IT IS FURTHER ORDERED that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

AND IT IS FURTHER ORDERED that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before JAN. 19, 2016. Any reply shall be filed

by the Plaintiff and served upon each appearing defendant or his/her counsel on or before
Jan. 20, 2016. *at 8:30 am* Plaintiff is to provide copies of all other filed pleadings at the

request of any identified defendant;

     **AND IT IS FURTHER ORDERED** that any defendant who is hereafter served

with a copy of this order who objects to the provisions hereof may submit his or her

objections to this Court or otherwise move for relief from this Court according to the

Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (d), any

defendant can apply to this Court for modification/dissolution of this Order on two (2)

days notice or shorter notice as this Court may allow, but no such application shall serve

to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

     **IT IS SO ORDERED.**

Dated: January 15, 2016
At: 12:11 ___. m.

_____
**HONORABLE** ___ A. KAPLAN
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

By: _____
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Facsimile: (347) 402-8120
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, CA 90405
Telephone: (310) 314-1721/ Facsimile: (310) 314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

RONALD L. ISRAEL
MELISSA A. SALIMBENE
Wolff & Samson PC
140 Broadway, 46th Floor
New York, NY 10005
973-325-1500
Attorneys for Plaintiffs
Bravado International Group Merchandising
Services, Inc. and Ate My Heart Inc.



### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

---

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC. and
ATE MY HEART INC.,

                Plaintiffs,

v.

JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANIES 1-100,

                Defendants.

Case No.: 14 CV 3365

**ORDER TO SHOW CAUSE ON MOTION
FOR PRELIMINARY INJUNCTION WITH
TEMPORARY RESTRAINING ORDER
AND ORDER OF SEIZURE**

---

Upon the summons and complaint, the accompanying declarations of Ronald L. Israel,

Esq., Ed Javaruski and Matthew Barth, the exhibits annexed thereto, the memorandum of law,

and such other matters and argument presented to the Court, and good cause having been

shown;

**IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does, and XYZ

Companies, their true identities being unknown, show cause before a motion term of this Court,

at Room _18B_ , United States Courthouse, 500 Pearl Street, in the City, County and State of

New York, on May 20, 2014, at 2 PM o'clock in the ~~noon~~, or as soon thereafter as

counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered,

4595913.1

granting to plaintiffs a preliminary injunction enjoining the defendants various John Does, Jane Does, and XYZ Companies, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing the name, logo, image, likeness or trademarks (collectively the "Trademark") of the musical performer who is publically known as LADY GAGA (the "Artist").

**AND IT APPEARING TO THE COURT** that defendants, and those acting in concert with defendants, have sold, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademarks, as set forth in plaintiffs' complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the plaintiffs before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell Infringing Merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiffs will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademarks, interference with plaintiffs' ability to exploit, market, and license its merchandising rights respecting the Artist's Trademarks, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will plaintiffs have in the Artist's Trademarks;

2

**IT IS HEREBY ORDERED** that, sufficient reason having been shown therefor, pending a hearing and determination of plaintiff's application for a preliminary injunction, pursuant to Fed. R. Civ. P. 65, the defendants and their agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademarks; and

**IT IS FURTHER ORDERED** that the United States Marshal for this district, or any district in which plaintiffs enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiffs, plaintiffs' representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found) from twenty-four (24) hours before to either (8) hours after any concert performance of the Artist, and within a two (2) mile radius of any concert performance of the Artist, including but not limited to the Artist's concert at Madison Square Garden in New York, New York on May 13, 2014; and

**IT IS FURTHER ORDERED** that security in the amount of $ _10,000_ ⁰ᵒ be posted by the plaintiffs prior to _May  13_, 2014 at _5_ ᵒᵒ o'clock in the _afta_ noon of that day; and

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the plaintiffs advancing to the United States Marshal such sum as is required to cover the

3

4595913.1

fees for their said services, in the event plaintiffs seek the services of the United States Marshal in this or any other district; and

      **IT IS FURTHER ORDERED** that personal service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the plaintiffs, at the time any seizure provided herein is effected.

U.S.D.J.

Dated:  New York, New York
       May _9_, 2014
       _9:5/_ a.m./~~p.m.~~

*Part 1*

4

Mark Bradford (MB 6002)
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215-4903**
**Telephone: (347) 413-3287**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071) (pro hac vice requested)**
**HICKS, MIMS, KAPLAN & BURNS**
**3250 Ocean Park Blvd, Ste 350**
**Santa Monica, California 90405**
**Telephone: (310) 314-1721**
**Facsimile: (310) 314-1725**
**cburns@hmkblawyers.com**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/12
```

**12 CV 2920**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------x

**F.E.A., INC.,**

       **Plaintiff,**

**v.**

**JOHN DOES 1-100, JANE DOES**
**1-100, AND XYZ COMPANY,**

       **Defendants.**

--------------------------------------x

**CIVIL ACTION NO. 12 CV 2920**

~~[PROPOSED]~~
**TEMPORARY**
**RESTRAINING ORDER;**
**SEIZURE ORDER; AND**
**ORDER TO SHOW CAUSE**
**WHY A PRELIMINARY**
**INJUNCTION AND SEIZURE**
**ORDER SHOULD NOT ISSUE**

Based upon the complaint, memorandum of points and authorities, Declaration of Tyler Zeigler and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants"), show cause before the Honorable PAUL G. Gardolo United States District Court Judge, in

1

the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York at _10:45_ a..m. on _Jul 23_ , 2012 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting to Plaintiff, F.E.A., Inc. a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the group **"NICKELBACK"** (collectively, the "Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Trademarks as set forth in Plaintiff's complaint and declarations, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to

2

the duly authorized source of merchandise depicting the Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks, namely of **NICKELBACK**, which defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group's Tour shall be performing, including but not limited to in connection with the concert to be held April 19, 2012 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ _10,000_ no later than _April 18_, 2012, receipt of which is hereby acknowledged to secure the payment of such costs and

3

damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

/ / /

/ / /

/ / /

4

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before _April 20_, 2012. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before _April 23_, 2012. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (d), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: April 16, 2012
At: 3:45 p. m.

Respectfully submitted,

By: _____
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

_Paul's Sandple_
**HONORABLE** _PAUL G. GARDEPHE_
**UNITED STATES DISTRICT COURT JUDGE**

Cara R. Burns (CB 1071) (pro hac vice requested)
HICKS, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, CA 90405
Telephone: (310) 314-1721/ Facsimile: (310) 314-1725
cburns@hmkblawyers.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHISH, INC.,

                    Plaintiff,

        vs.

VARIOUS JOHN DOES, JANE DOES, AND
XYZ CORPORATIONS,

                 Defendants

Civil Action No.

**'11 CIV 3379**

JUDGE KARAS



**[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Plaintiff, Phish Inc., having applied ex parte against unknown individuals and entities

(collectively, "Defendants") for a temporary restraining order, order permitting civil seizure,

order to show cause for preliminary injunction, and order sealing file pursuant to Federal Rule of

Civil Procedure 65 and the Lanham Act (15 U.S.C. §1051, *et seq.*), as amended by the

Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason

that Defendants are and will be manufacturing, distributing, offering for sale and selling goods

bearing counterfeit reproductions of trademarks owned and controlled by Plaintiff ("Counterfeit

Merchandise"), and the Court having reviewed the complaint, the memorandum of law, the

declarations of Kevin Shapiro and Jeffrey L. Laytin, and the exhibits thereto, the Court finds:

    (1)     Defendants' manufacture, import, distribution, offer for sale and/or sale of

Counterfeit Merchandise has caused, and if not stopped will continue to cause, immediate and

irreparable injury to plaintiff;

    (2)     Plaintiff is likely to succeed in showing Defendants have used and are continuing

to use counterfeit and/or unauthorized and infringing copies of Plaintiff's federally registered

trademarks and unregistered trademarks, names and likenesses set forth below in connection with the manufacture, import, distribution, offer for sale and/or sale of Counterfeit Merchandise;

(3)     Plaintiff has also shown sufficiently serious questions going to the merits of its claims to make them a fair ground for litigation, and that the harm to Plaintiff from denial of the requested *ex parte* order would outweigh the harm to Defendants' legitimate interests in the event such an order were granted;

(4)     Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make inaccessible to the Court Defendants' Counterfeit Merchandise, any business records related thereto, and the profits derived therefrom, absent an *ex parte* order, thereby denying plaintiff access to relevant evidence and frustrating the ultimate relief Plaintiff seeks in this action;

(5)     Plaintiff has represented it has not publicized the requested seizure order and has requested that the case be filed under seal;

(6)     Plaintiff has provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

(7)     Plaintiff has demonstrated the location(s) at which Defendants are or will be distributing, offering for sale and/or selling Counterfeit Merchandise; and

(8)     Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiff's remedies for trademark counterfeiting, including, inter alia, the removal of Counterfeit Merchandise from the marketplace and destruction of same, and an award to Plaintiff of lost profits or damages.

Therefore, IT IS HEREBY ORDERED that Defendants, various John Does, Jane Does and XYZ Corporations, their true identities being unknown, show cause before the Honorable

2

Kenneth M. Karas

_____, United States District Court Judge, in Courtroom 521

of the United States District Court for the Southern District of New York, located at 300

Quarropas Street, White Plains, New York 10601 at _____ a.m./p.m. on June _____, 2011 or

as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should

not be entered granting to Plaintiff, Phish, Inc., a preliminary injunction enjoining the

Defendants from manufacturing, distributing, offering or holding for sale, or selling the

Counterfeit Merchandise, consisting of any clothing, jewelry, photographs, posters, recordings

and other merchandise bearing the trademarks, service marks, likenesses, images, tradenames or

logos, or any colorable imitations thereof of the musical group known as PHISH and each of its

individual members TREY ANASTASIO, MIKE GORDON, JON FISHMAN, and PAGE

MCCONNELL and their federally registered marks: PHISH FOOD, U.S. Registration Number

2173816; PHISH, U.S, Reg. No. 2096010; PHISH, U.S. Reg. No. 2029049; PHISH, U.S. Reg.

No. 2029048; PHISH, U.S. Reg. No. 1917861; PHISH, U.S. Reg. No. 1782981; and PHISH and

Design, U.S. Reg. No. 1930480; OYSTERHEAD, U.S. Reg. No. 2662635; GAMEHENDGE,

U.S. Reg. No. 2048310; GAMEHENDGE, U.S. Reg. No. 2053513; WATERWHEEL, U.S. Reg.

No. 2247438; and VIDA BLUE, U.S. Reg. No. 2842286 (collectively, the "Plaintiff s Marks").

AND IT APPEARING TO THE COURT that Defendants are about to sell and distribute

the Counterfeit Merchandise bearing the Plaintiffs Marks during the upcoming 2011 Phish

concert tour, including the concerts to be held May 27, 28 and 29, 2011 at the Bethel Woods

Center for the Arts, Bethel, New York (the "2011 Tour"), and will carry out such acts during the

entirety of the 2011 Tour set forth below, unless restrained by order of the Court,

IT IS FURTHER ORDERED that pending hearing and determination of this application,

the Defendants, their agents, servants, employees, attorneys, successors and assigns and all

3

persons, firms and corporations acting in concert with them, and each of them be and hereby are temporarily restrained from manufacturing, distributing, offering or holding for sale, advertising and selling Counterfeit Merchandise bearing any of the Plaintiff's Marks;

AND IT IS FURTHER ORDERED that the United States Marshall or other federal, state or local law enforcement officers, or off-duty officers located within each district in which Plaintiff enforces this order, assisted by one or more attorneys or agents of Plaintiff, are hereby authorized to seize and impound any and all Counterfeit Merchandise which Defendants sell, offer for sale or are holding for sale, including from any bag, carton, container, vehicle, or other means of carriage in which the Counterfeit Merchandise is found from ten (10) hours before to six (6) hours after any performance by Phish within a twenty (20) mile vicinity of the venues at which Phish shall be performing, including the following venues and dates of the 2011 Tour:

| | |
|---|---|
| May 27-29, 2011 | Bethel Woods Center for the Arts, Bethel, NY |
| May 31-June 1, 2011 | PNC Bank Arts Center, Holmdel, NJ |
| June 3, 2011 | DTE Energy Music Theater, Clarkston, MI |
| June 4, 2011 | Blossom Music Center, Cuyahoga Falls, OH |
| June 5, 2011 | Riverbend Music Center, Cincinnati, OH |
| June 7, 2011 | Comcast Center, Mansfield, MA |
| June 8, 2011 | Darien Lake PAC, Darien Center, NY |
| June 10, 2011 | Susquehanna Bank Center, Camden, NJ |
| June 11-12, 2011 | Merriweather Post Pavilion, Columbia, MD |
| June 14-15, 2011 | Verizon Wireless Ampitheatre, Alpharetta, GA |
| June 17, 2011 | Verizon Wireless Ampitheatre, Charlotte, NC |
| June 18, 2011 | Time Warner Cable Pavilion at Walnut Creek, Raleigh, NC |

| June 19, 2011 | Ntelos Wireless Pavilion, Portsmouth, VA |
| July 1-3, 2011 | Watkins Glen International, Watkins Glen, NY |
| August 5-6, 2011 | The Gorge Ampitheatre, Gorge, WA |
| August 8, 2011 | Hollywood Bowl, Hollywood, CA |
| August 9-10, 2011 | Lake Tahoe Outdoor Arena at Harveys, Stateline, NV |
| August 12, 2011 | Outside Lands Festival, San Francisco, CA |
| August 15-17, 2011 | UIC Pavilion, Chicago, IL |

AND IT IS FURTHER ORDERED that this order be and is hereby conditioned upon

Plaintiffs filing with the Clerk of this Court an undertaking in the form of a bond or certified

check in the amount of $ **25,000.00** no later than May **26**, 2011, to secure payment of 

such costs and damages not to exceed such sum as may be suffered or sustained by any party

who is found to be wrongfully restrained hereby;

AND IT IS FURTHER ORDERED that the temporary restraining order and seizure order

shall remain in effect until the date for hearing on the order to show cause set forth above, or

such further dates as set by the Court, at which time the Court shall also hold the confirmation

hearing pursuant to 15 U.S.C. §1116(d)10(A), unless Defendants stipulate, or have not objected

to the confirmation of the seizure and entry of the proposed preliminary injunction;

AND IT IS FURTHER ORDERED that service of a copy of this order to show cause

together with the summons and complaint in this action be made upon the Defendants by the

United States Marshal, other federal, state or local law enforcement officers or by any person

over the age of eighteen (18) years not a party to this action selected for that purpose by the

Plaintiff, at the time the seizure provided herein is effected and that such service shall be deemed

good and sufficient, provided that a complete set of all moving papers submitted in support of this order shall be promptly served upon any defendant or counsel requesting same;

AND IT IS FURTHER ORDERED that the process server shall offer a receipt to each person from whom Counterfeit Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Counterfeit Merchandise seized, which shall be maintained in a secure location pending further order of this Court;

AND IT IS FURTHER ORDERED that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to Plaintiffs counsel at the address set forth below, on or before ~~June~~ May 31 , 2011. Any reply shall be filed and served by Plaintiff at the hearing; 

AND IT IS FURTHER ORDERED that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court as provided herein or otherwise according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise so ordered by this Court.

IT IS SO ORDERED.

Dated: May 18 , 2011
At: 2:55 a.m./p.m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

LAYTIN VERNER, LLP
Jeffrey L. Laytin
Richard B. Verner
One Pennsylvania Plaza, 48th Floor
New York, NY 10119
Tel: (212) 631-8695
Fax: (212) 273-4306



Koeltl

09 CIV 5543

Ronald L. Israel
Wolff & Samson PC
140 Broadway, 46th Floor
New York, NY 10005
973-325-1500
Attorneys for Plaintiffs
Bravado International Group Merchandising
Services, Inc., Beyonce, Inc. and Beyonce Knowles

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/09

---

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.,
BEYONCE, INC. and BEYONCE
KNOWLES,

                Plaintiffs,

v.

JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANIES 1-100,

                Defendants.

Case No.:

**ORDER TO SHOW CAUSE ON MOTION
FOR PRELIMINARY INJUNCTION WITH
TEMPORARY RESTRAINING ORDER
AND ORDER OF SEIZURE**

---

Upon the summons and complaint, the accompanying declarations of Ronald L. Israel,

Esq. and Alan Rebhun, the exhibits annexed thereto, the memorandum of law, and such other

matters and argument presented to the Court, and good cause having been shown;

**IT IS HEREBY ORDERED** that defendants, Various John Does, Jane Does, and XYZ

Companies, their true identities being unknown, show cause before a motion term of this Court,

at Room 12 B , United States Courthouse, 500 Pearl Street, in the City, County and State of

New York, on June 26 , 2009, at 9 30 o'clock in the fore noon, or as soon

thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be

entered, granting to plaintiffs a preliminary injunction enjoining the defendants Various John

1185190.1

Does, Jane Does, and XYZ Companies, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing the name, logo, likeness or trademark (collectively the "Trademark") of the musical performer know as Beyonce Knowles and/or Beyonce (the "Artist").

AND IT APPEARING TO THE COURT that defendants, and those acting in concert with defendants, have sold, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademark, as set forth in plaintiffs' complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss or damage will result to the plaintiffs before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiffs will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademark, interference with plaintiffs' ability to exploit, market, and license its merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will plaintiffs have in the Artist's Trademark;

IT IS HEREBY ORDERED that, pending a hearing and determination of this application, or the expiration of ten (10) days from the date hereof, whichever shall first occur,

2

1185190.1

the defendants and their agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

IT IS FURTHER ORDERED that the United States Marshal for this district, or any district in which plaintiffs enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiffs, plaintiffs' representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found) from twenty-four (24) hours before to either (8) hours after any concert performance of the Artist, and within a two (2) mile radius of any concert performance of the Artist, including but not limited to the Artist's concerts at Madison Square Garden in New York, New York on June 21 and June 22, 2009; and

IT IS FURTHER ORDERED that security in the amount of $20,000.09 be posted by the plaintiff prior to June 19, 2009 at 3:00 o'clock in the a/a noon of that day; and

IT IS FURTHER ORDERED that this temporary restraining order is conditioned upon the plaintiffs advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiffs seek the services of the United States Marshal in this or any other district; and

3

IT IS FURTHER ORDERED that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the plaintiffs, at the time any seizure provided herein is effected.

U.S.D.J.

Dated: New York, New York
June 17, 2009
2:55 a.m./p.m

*Responsive papers must be filed two days prior to the hearing for the preliminary injunction, namely by June 24, 2009.*

*So Ordered.*

u.S.D.J.