EXHIBIT B

United States District Court
Southern District of Texas
**ENTERED**
December 06, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

RODARIUS GREEN a/k/a ROD WAVE,     )
                              )
         Plaintiff,           )
                              )     **Civil Action No. 23-4509**
      v.                 )
                              )
VARIOUS JOHN DOES, JANE DOES,    )
and ABC COMPANIES           )
                              )
        Defendants.       )
                              )
                              )
                              )
                              )
                              )

**ORDER TO SHOW CAUSE ON MOTION FOR
PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING
ORDER AND ORDER OF SEIZURE**

Based on the declarations of Kenneth A. Feinswog and Lorenzo Biddines, Plaintiff's Brief, and the Complaint:

It is ordered that the Defendants, Various John Does, Jane Does and ABC Companies, their true identities being unknown, show cause before the Honorable Lee H. Rosenthal on the **20th day of December, 2023 at 10:00 a.m**, by Zoom, why an order pursuant to Federal Rule of Civil Procedure 65 should not be entered granting Plaintiff a preliminary injunction enjoining Defendants from manufacturing, distributing, selling or holding for sale and authorizing seizure of all clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the ROD WAVE name, trademark and likeness (collectively the "Musical Performer's Trademarks").

1

It appears that Defendants are distributing and/or are about to distribute in interstate commerce and sell at or near the sites of the current ROD WAVE United States concert tour, clothing, jewelry, photographs, posters and other merchandise bearing the Musical Performer's Trademarks and will continue to carry out such acts unless restrained by order of the Court.

It further appears that immediate and irreparable injury, loss and damage will result to Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the Temporary Restraining Order, in that Defendants are preparing to manufacture, distribute and sell Infringing Merchandise throughout the current ROD WAVE concert tour, and that unless Defendants are enjoined from said manufacture, distribution and sale, Plaintiff will suffer immediate and irreparable injury and harm in the form of loss of income, the dilution of the Musical Performer's Trademarks, interference with Plaintiff's ability to exploit market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of ROD WAVE merchandise and the impairment of the goodwill that Plaintiff has in the Musical Performer's Trademarks.

It is ordered that pending the hearing and determination of the Plaintiff's application for a preliminary injunction, Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the Musical Performer's Trademarks.

It is also ordered that the U.S. Marshal for this District, the U.S. Marshal(s) and/or state, county or local law enforcement authorities, including off duty officers of the same, for any such district in which Plaintiff enforces this order and persons acting under their supervision are hereby authorized to seize, impound (and deliver to Plaintiff or his representatives), any and all

Infringing Merchandise bearing the Musical Performer's Trademarks, including from cartons, containers or vehicles or other means of transport in which the Infringing Merchandise is found beginning six (6) hours before and continuing until three (3) hours after any performance on any concert on the ROD WAVE tour within a three (3) mile radius of the concert on the ROD WAVE tour including, but not limited to, the ROD WAVE concert at the Toyota Center, Houston, Texas on December 7, 2023.

This Order is conditioned upon Plaintiff filing with the Clerk of this Court, an undertaking, a surety bond or a certified, cashiers or attorneys' check, credit card or cash in the amount of $5,000 no later than December 7, 2023 at 2:00 P.M. to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby.

This Temporary Restraining Order is further conditioned upon Plaintiff advancing to law enforcement officers such sum as is required to cover the fees for their services, in the event that Plaintiff seeks their services in this or any other district.

Service of a copy of this Order to Show Cause together with the Complaint shall be made upon Defendants by the United States Marshal, state or local enforcement authority or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by Plaintiff, at the time of the seizure authorized by this order. Such service shall be deemed good and sufficient. The process server shall offer a receipt to each person from whom merchandise is seized. Plaintiff or his representatives shall be deemed substitute custodian for all Infringing Merchandise seized.

It is ordered that each and every Defendant served with a copy of this Order shall promptly, courteously, and peaceably identify himself or herself to the aforementioned process

server and that the process server or agents for Plaintiff shall be allowed to photograph, video tape or otherwise identify the Defendant.

Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon Plaintiff's attorney by delivering a copy to its counsel on or before December 15, 2023. Any reply shall be filed by Plaintiff and served upon each appearing Defendant or his/her counsel on or before December 20, 2023. Plaintiff shall provide copies of pleadings at the request of any identified Defendant.

Pursuant to Federal Rule of Civil Procedure 65(b)(4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days' notice or shorter notice as this Court may allow. No such objection shall serve to suspend or stay this Order unless otherwise ordered by this Court.

SIGNED on December 6, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge



**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GLOBAL MERCHANDISING SERVICES, LTD., W. AXL ROSE, MICHAEL McKAGAN and SAUL HUDSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 23-4180 |
| v. | ) ) | |
| | ) | **ORDER TO SHOW CAUSE ON** |
| VARIOUS JOHN DOES, JANE DOES and ABC COMPANIES | ) ) | **MOTION FOR PRELIMINARY INJUNCTION WITH** |
| | ) | **TEMPORARY RESTRAINING** |
| Defendants. | ) ) | **ORDER AND ORDER OF** |
| | ) | **SEIZURE** |
| | ) | |

Upon the declarations of Kenneth A. Feinswog and Bradford James Andersen, Plaintiffs' Memorandum of Law and the Complaint submitted herewith and all other pleadings and proceedings had herein and good cause having been shown:

**IT IS HEREBY ORDERED THAT** Defendants, Various John Does, Jane Does and ABC Companies, their true identities being unknown, show cause on the 21st day of August, 2023 at 2 o'clock in Courtroom 5A at the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey, why an order should not be entered granting Plaintiffs a preliminary injunction enjoining Defendants from manufacturing, distributing, selling or holding for sale and authorizing seizure of all clothing and other merchandise (collectively the "Infringing Merchandise") bearing the GUNS N' ROSES trademark, likenesses and logos (collectively the "Musical Performers' Trademarks");

**AND IT APPEARING TO THE COURT** that Defendants are distributing and/or are about to distribute in interstate commerce and sell at or near the sites of the current GUNS N' ROSES United States concert tour t-shirts, shirts, hats, caps, bandannas and sweatpants bearing the Musical Performers' Trademarks and will continue to carry out such acts unless restrained by Order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss and damage will result to Plaintiffs before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the Temporary Restraining Order, in that Defendants are preparing to manufacture, distribute and sell Infringing Merchandise throughout the current GUNS N' ROSES concert tour and that unless Defendants are enjoined from said manufacture, distribution and sale, Plaintiffs will suffer immediate and irreparable injury and harm in the form of loss of income, the dilution of the Musical Performers' Trademarks, interference with Plaintiffs' ability to exploit and market their merchandising rights, confusion in the marketplace as to the duly authorized source of GUNS N' ROSES merchandise and the impairment of the goodwill that Plaintiffs have in the Musical Performers' Trademarks;

**IT IS HEREBY ORDERED** that pending the hearing and determination of this Motion, Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the Musical Performers' Trademarks;

**IT IS FURTHER ORDERED** that the U.S. Marshal for this District, or any district in which Plaintiffs enforce this order, the state police, local police or local deputy sheriffs, off duty officers of the same and persons acting under their supervision are hereby authorized to seize, impound (and deliver to Plaintiffs or their representatives), any and all Infringing Merchandise bearing the Musical Performers' Trademarks, including from cartons, containers or vehicles or other means of transport in which the Infringing Merchandise is found beginning six (6) hours before and continuing until three (3) hours after any performance on any concert on the GUNS N' ROSES tour within a five (5) mile radius of the concert on the GUNS N' ROSES tour including, but not limited to, the GUNS N' ROSES concert at Metlife Stadium, East Rutherford, New Jersey on August 15, 2023;

**AND IT IS FURTHER ORDERED** that this Order is hereby conditioned upon Plaintiffs filing with the Clerk of this Court, an undertaking, a surety bond or a certified, cashiers or attorneys' check, credit card or cash in the amount of 10,000 Dollars no later than August 14, 2021 at 2:00 P.M. to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this Temporary Restraining Order is conditioned upon Plaintiffs advancing to law enforcement officers such sum as is required to cover the fees for their services, in the event that Plaintiffs seek their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this Order to Show Cause together with the Complaint shall be made upon Defendants by the United States Marshal, state or local enforcement authority or by any person over the age of eighteen (18) years and not a party to this action selected for that purpose by Plaintiffs, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom merchandise is seized and that Plaintiff Global Merchandising Services, Ltd. shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every Defendant served with a copy of this Order shall promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiffs shall be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon Plaintiffs' attorney by delivering a copy to its counsel on or before August 17, 2023; Any reply shall be filed by Plaintiffs and served upon each appearing Defendant or his/her counsel on or before August 21, 2023. Plaintiffs shall provide copies of pleadings at the request of any identified Defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.Civ.P. 65(b)(4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days' notice or shorter notice as this Court may allow, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

Dated: August 8, 2023

Time: _2:57pm_

_____
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GLOBAL MERCHANDISING SERVICES,
LTD., MOTLEY CRUE, INC., MERCH
TRAFFIC, LLC and BLUDGEON RIFFOLA
LIMITED,

                    Plaintiffs,

      v.

VARIOUS JOHN DOES, JANE DOES and
ABC COMPANIES,

                    Defendants.

**CIVIL ACTION NO. 22-CV-3576**

**ORDER TO SHOW
CAUSE ON MOTION FOR
PRELIMINARY INJUNCTION
WITH TEMPORARY
RESTRAINING ORDER AND
ORDER OF SEIZURE**

        Upon the declarations of Kenneth A. Feinswog, Bradford James Andersen and Tim

Walston, Plaintiffs' Motion, Memorandum of Law and the Complaint submitted herewith, and

all other pleadings and proceedings had herein, and good cause having been shown:

        **IT IS HEREBY ORDERED THAT** Defendants, Various John Does, Jane Does and

ABC Companies, their true identities being unknown, show cause before District Judge Hector

Gonzalez on July 1, 2022 at 12:30 P.M., or as soon thereafter as counsel can be heard, in

Courtroom 6D South at the United States District Court for the Eastern District of New York,

225 Cadman Plaza East, Brooklyn, New York 11201, why an order pursuant to Fed. R. Civ. P.

65 should not be entered granting Plaintiffs a preliminary injunction enjoining Defendants from

manufacturing, distributing, selling or holding for sale and authorizing seizure of all clothing and

other merchandise (collectively the "Infringing Merchandise") bearing the MOTLEY CRUE and

DEF LEPPARD trademarks, likenesses and logos (collectively the "Musical Performers'

Trademarks");

        **IT APPEARING TO THE COURT** that Defendants are distributing and/or are about to

distribute in interstate commerce and sell at or near the sites of the current MOTLEY

CRUE/DEF LEPPARD United States concert tour, clothing and other merchandise bearing the Musical Performers' Trademarks and will continue to carry out such acts unless restrained by Order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss and damage will result to Plaintiffs before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the Temporary Restraining Order, in that Defendants are preparing to manufacture, distribute and sell Infringing Merchandise throughout the current MOTLEY CRUE/DEF LEPPARD concert tour and that unless Defendants are enjoined from said manufacture, distribution and sale, Plaintiffs will suffer immediate and irreparable injury and harm in the form of loss of income, the dilution of the Musical Performers' Trademarks, interference with Plaintiffs' ability to exploit, market and license their merchandising rights, confusion in the marketplace as to the duly authorized source of MOTLEY CRUE and DEF LEPPARD merchandise and the impairment of the goodwill that Plaintiffs have in the Musical Performers' Trademarks;

**IT IS HEREBY ORDERED** that pending the hearing and determination of this Motion, Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the Musical Performers' Trademarks;

**IT IS FURTHER ORDERED** that the U.S. Marshal for this District, the U.S. Marshal(s) and/or state, county or local law enforcement authorities, including off duty officers of the same, for any such district in which Plaintiffs enforce this order and persons acting under their supervision are hereby authorized to seize, impound (and deliver to Plaintiffs or their

2

representatives), any and all Infringing Merchandise bearing the Musical Performers'
Trademarks, including from cartons, containers or vehicles or other means of transport in which
the Infringing Merchandise is found beginning five (5) hours before and continuing until five (5)
hours after any performance on any concert on the MOTLEY CRUE/DEF LEPPARD tour
within a four (4) mile radius of the concerts on the MOTLEY CRUE/DEF LEPPARD tour
starting with the MOTLEY CRUE/DEF LEPPARD concert at Citi Field, Flushing, New York on
June 24, 2022.

      **AND IT IS FURTHER ORDERED** that this Order is hereby conditioned upon
Plaintiffs filing with the Clerk of this Court, an undertaking, a surety bond or a certified,
cashier's or attorney's check, credit card or cash in the amount of five-thousand (5,000) dollars
no later than June 23, 2022 at 2:00 P.M. to secure payment of such costs and damages not to
exceed such sum as may be suffered or sustained by any party who is found to be wrongfully
restrained hereby;

      **AND IT IS FURTHER ORDERED** that this Temporary Restraining Order is
conditioned upon Plaintiffs advancing to law enforcement officers such sum as is required to
cover the fees for their services, in the event that Plaintiffs seek their services in this or any other
district;

      **AND IT IS FURTHER ORDERED** that service of a copy of this Order to Show Cause
together with the Complaint shall be made upon Defendants by the United States Marshal, state
or local enforcement authority or by any person over the age of eighteen (18) years not a party to
this action selected for that purpose by Plaintiffs, at the time of the seizure provided herein is
effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom merchandise is seized and that Plaintiffs shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every Defendant served with a copy of this Order shall promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiffs shall be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon Plaintiffs' attorney by delivering a copy to their counsel on or before June 29, 2022; any reply shall be filed by Plaintiffs and served upon each appearing Defendant or his/her counsel on or before June 30, 2022. Plaintiffs shall provide copies of pleadings at the request of any identified Defendant;

**AND IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 65(b)(4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days' notice or shorter notice as this Court may allow, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
     June 17, 2022

4:50 PM

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GLOBALMERCHANDISING SERVICES, LTD.. )          CIVIL CASE NO.
                                      )
            Plaintiff,                )           2:19-cv-1411 TLN EFB
                                      )
        v.                            )      **ORDER TO SHOW CAUSE**
                                      )      **ON MOTION FOR**
VARIOUS JOHN DOES, JANE DOES,         )      **PRELIMINARY**
and ABC COMPANIES                     )      **INJUNCTION; ORDER**
                                      )      **GRANTING TEMPORARY**
            Defendants.               )      **RESTRAINING ORDER**
                                      )      **AND ORDER OF SEIZURE**
                                      )
                                      )
                                      )

_____

Upon the declarations of Kenneth A. Feinswog and Bradford James Andersen, Plaintiff's

Memorandum of Points and Authorities and the Complaint submitted herewith, and all other

pleadings and proceedings had herein and good cause having been shown:

IT IS HEREBY ORDERED THAT Defendants, Various John Does, Jane Does, and ABC

Companies, their true identities being unknown, SHOW CAUSE IN WRITING not later than

**August 2, 2019**, as to why an order pursuant to Fed.R.Civ.P. 65 should not be entered granting

Plaintiff a preliminary injunction enjoining Defendants from manufacturing, distributing, selling

1

1   or holding for sale and authorizing seizure of all clothing, jewelry, photographs, posters and other

2   merchandise (collectively the "Infringing Merchandise") bearing the BACKSTREET BOYS

3   trademark, likenesses, names and logos (collectively the "BACKSTREET BOYS Trademarks");

4          IT IS FURTHER ORDERED that Defendants' papers, if any, shall be filed with the Clerk

5   of this Court and served upon Plaintiff's attorney by delivering a copy to its counsel not later than

6   **August 2, 2019**.  Plaintiff shall file any reply and serve such reply upon each appearing Defendant

7   or his/her counsel not later than **August 6, 2019**.  Plaintiff shall provide copies of pleadings at the

8   request of any identified Defendant;

9          IT APPEARING TO THE COURT that Defendants are distributing and/or are about to

10  distribute in interstate commerce and sell at or near the sites of the current BACKSTREET BOYS

11  United States concert tour, clothing, jewelry, photographs, posters and other merchandise bearing

12  the BACKSTREET BOYS Trademarks, and will continue to carry out such acts unless restrained

13  by Order of the Court;

14         AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss, and

15  damage will result to Plaintiff before Defendants can be identified and given notice and their

16  attorneys can be heard in opposition to the granting of the Temporary Restraining Order, in that

17  Defendants are preparing to manufacture, distribute, and sell Infringing Merchandise throughout

18  the current BACKSTREET BOYS concert tour, and that unless Defendants are enjoined from said

19  manufacture, distribution, and sale, Plaintiff will suffer immediate and irreparable injury and harm

20  in the form of loss of income, the dilution of the BACKSTREET BOYS Trademarks, interference

21  with Plaintiff's ability to exploit market and license its merchandising rights, confusion in the

22  marketplace as to the duly authorized source of  BACKSTREET BOYS merchandise, and the

23  impairment of the goodwill that Plaintiff and the BACKSTREET BOYS have in the

24  BACKSTREET BOYS' Trademarks;

25  ///

26  ///

27  ///

28  ///

1    IT IS HEREBY ORDERED that pending the hearing and determination of this Motion,

2   Defendants, their agents, servants, employees, attorneys, successors and assigns, and all persons,

3   firms, and corporations acting in concert with them are TEMPORARILY RESTRAINED from

4   manufacturing, distributing, and selling Infringing Merchandise bearing the BACKSTREET

5   BOYS Trademarks;

6    IT IS FURTHER ORDERED that the U.S. Marshal for this District, the U.S. Marshal(s)

7   and/or state, county, or local law enforcement authorities, including off duty officers of the same,

8   for any such district in which Plaintiff enforces this order, and persons acting under their

9   supervision, are hereby authorized to seize, impound (and deliver to Plaintiff or its

10  representatives), any and all Infringing Merchandise bearing the BACKSTREET BOYS

11  Trademarks, including from cartons, containers, or vehicles or other means of transport in which

12  the Infringing Merchandise is found beginning four (4) hours before and continuing until four (4)

13  hours after any performance on any concert on the BACKSTREET BOYS tour within a four (4)

14  mile radius of the concert on the BACKSTREET BOYS tour including, but not limited to, the

15  BACKSTREET BOYS concert at the Golden 1 Center, Sacramento, California on August 1, 2019;

16   AND IT IS FURTHER ORDERED that this Temporary Restraining Order is conditioned

17  upon Plaintiffs advancing to law enforcement officers such sum as is required to cover the fees for

18  their services, in the event that Plaintiff seeks their services in this or any other district,

19   AND IT IF FURTHER ORDERED that service of a copy of this Order to Show Cause

20  together with the Complaint shall be made upon Defendants by the United States Marshal, state or

21  local enforcement authority, or by any person over the age of eighteen (18) years not a party to

22  this action selected for that purpose by Plaintiff, at the time of the seizure provided herein is

23  effected and that such service shall be deemed good and sufficient;

24   AND IT IS FURTHER ORDERED that the process server shall offer a receipt to each

25  person from whom merchandise is seized and that Plaintiff shall be deemed substitute custodian

26  for all Infringing Merchandise seized;

27   AND IT IS FURTHER ORDERED that each and every Defendant served with a copy of

28  this Order shall promptly, courteously and peaceably identify himself or herself to the

1    aforementioned process server and that the process server or agents for Plaintiff shall be allowed

2    to photograph, video tape, or otherwise identify the Defendant;

3          AND IT IS FURTHER ORDERED that pursuant to F.R.Civ.P. 65(b)(4), any Defendant

4    can apply to this Court to dissolve or modify this Order on two (2) days' notice or shorter notice

5    as this Court may allow, but no such objection shall serve to suspend this Order or stay the terms

6    hereof unless otherwise ordered by this Court.

7          No bond shall be required.

8          IT IS SO ORDERED.

9    Dated: July 26, 2019

10

11

12

13                              Troy L. Nunley
                                United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

GLOBAL MERCHANDISING            )
SERVICES, LTD.,                 )
                                )
                 Plaintiff,     )
                                )          Cause No. 4:18CV1117 HEA
vs.                             )
                                )
VARIOUS JOHN DOES, JANE DOES and )
ABC COMPANIES,                  )
                                )
                 Defendants.    )
                                )

## ORDER TO SHOW CAUSE ON MOTION FOR
## PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING
## ORDER AND ORDER OF SEIZURE

Upon the declarations of Kenneth A. Feinswog and Bradford James
Andersen, Plaintiff's Memorandum of Law and the Complaint submitted herewith,
oral argument having been heard on July 11, 2018, and all other pleadings and
proceedings had herein and good cause having been shown:

**IT IS HEREBY ORDERED THAT** Defendants, Various John Does, Jane
Does and ABC Companies, their true identities being unknown, show cause on the
23rd day of July, 2018 at 1:30 p.m. o'clock in Courtroom 10N at the United States
District Court for the Eastern District of Missouri, 111 South 10th Street, St. Louis,
Missouri, why an order pursuant to Fed.R.Civ.P. 65 should not be entered granting
Plaintiff a preliminary injunction enjoining Defendants from manufacturing,
distributing, selling or holding for sale and authorizing seizure of all clothing,
jewelry, photographs, posters and other merchandise (collectively the "Infringing
Merchandise") bearing the ROB ZOMBIE, MARILYN MANSON and TWINS

OF EVIL trademarks, likenesses and logos (collectively the "Musical Performers' Trademarks");

**IT APPEARING TO THE COURT** that Defendants are distributing and/or are about to distribute in interstate commerce and sell at or near the sites of the current ROB ZOMBIE/MARILYN MANSON/TWINS OF EVIL United States concert tour, clothing, jewelry, photographs, posters and other merchandise bearing the Musical Performers' Trademarks will continue to carry out such acts unless restrained by Order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss and damage will result to Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the Temporary Restraining Order, in that Defendants are preparing to manufacture, distribute and sell Infringing Merchandise throughout the current ROB ZOMBIE AND MARILYN MANSON concert tour and that unless Defendants are enjoined from said manufacture, distribution and sale, Plaintiff will suffer immediate and irreparable injury and harm in the form of loss of income, the dilution of the Musical Performers' Trademarks, interference with Plaintiff's ability to exploit market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of ROB ZOMBIE AND MARILYN MANSON merchandise and the impairment of the goodwill that Plaintiff and ROB ZOMBIE AND MARILYN MANSON have in the Musical Performers' Trademarks;

**IT IS HEREBY ORDERED** that pending the hearing and determination of this Motion, Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the Musical Performers' Trademarks;

**IT IS FURTHER ORDERED** that the U.S. Marshal for this District, the U.S. Marshal(s) and/or state, county or local law enforcement authorities, including off duty officers of the same, for any such district in which Plaintiff enforces this order and persons acting under their supervision are hereby authorized to seize, impound (and deliver to Plaintiff or its representatives), any and all Infringing Merchandise bearing the Musical Performers' Trademarks, including from cartons, containers or vehicles or other means of transport in which the Infringing Merchandise is found beginning four (4) hours before and continuing until four (4) hours after any performance on any concert on the ROB ZOMBIE AND MARILYN MANSON tour within a four (4) mile radius of the concert on the ROB ZOMBIE AND MARILYN MANSON tour including, but not limited to, the ROB ZOMBIE AND MARILYN MANSON concert at the Hollywood Casino Amphitheatre, St. Louis, Missouri on July 14, 2018;

**AND IT IS FURTHER ORDERED** that this Order is hereby conditioned upon Plaintiff filing with the Clerk of this Court, an undertaking, a surety bond or a certified, cashiers or attorneys' check, credit card or cash in the amount of _1,000.00_ Dollars no later than July 13, 2018 to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this Temporary Restraining Order is conditioned upon Plaintiffs advancing to law enforcement officers such sum as is required to cover the fees for their services, in the event that Plaintiff seeks their services in this or any other district,

**AND IT IF FURTHER ORDERED** that service of a copy of this Order to Show Cause together with the Complaint shall be made upon Defendants by the United States Marshal, state or local enforcement authority or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by

Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom merchandise is seized and that Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every Defendant served with a copy of this Order shall promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff shall be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon Plaintiff's attorney by delivering a copy to its counsel on or before July *18th*, 2018; Any reply shall be filed by Plaintiff and served upon each appearing Defendant or his/her counsel on or before *20th July* Plaintiff shall provide copies of pleadings at the request of any identified Defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.Civ.P. 65(b)(4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days' notice or shorter notice as this Court may allow, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

Dated: July 11, 2018.

Time: *1:35 P.M*

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LIVE NATION MERCHANDISE, INC.,          )
                                        )
      Plaintiff,                        )
                                        )
    v.                                  )          No. 4:18CV660 RLW
                                        )
VARIOUS JOHN DOES,                      )
VARIOUS JANE DOES,                      )
and ABC COMPANY,                        )
                                        )
      Defendants.                       )

## TEMPORARY RESTRAINING ORDER;
## SEIZURE ORDER; AND ORDER TO SHOW CAUSE WHY A
## PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE

Based upon the Complaint, the Memorandum of Points and Authorities, the Declaration of Peter Weber and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, Various John Does, Various Jane Does and ABC Company, their true identities being unknown (collectively "Defendants") show cause before the Honorable Ronnie L. White, United States District Judge, in Courtroom 10 South of the United States District Court for the Eastern District of Missouri, located at 111 South 10th Street, St. Louis, Missouri, 63102 at **11:00 a.m. on Friday, May 11, 2018** or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65, the Lanham Act 15 U.S.C. § 1051 et. seq., and the All Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and to

seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Group known as "U2" (collectively, the "Group's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are selling or are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's Complaint and Declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's Complaint, and that unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and diluting of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) court days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

    **AND IT IS FURTHER ORDERED** that pursuant to § 1116 (a), the United States Marshal for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of "U2") which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from three (3) hours before to three (3) hours after any performance of the tour within a three (3) mile vicinity of the halls, stadiums or arenas at which said tour shall be performing, including but not limited to in connection with the concert to be held at the Scottrade Center in St. Louis, Missouri on May 4, 2018;

    **AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $1,000.00 no later than May 3, 2018, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

    **AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

    **AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time

of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before June 11, 2018.  Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before June 25, 2018.  Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 65(d), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated this 30th day of April, 2018.
at 11:**59** a.m.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**EASTERN DISTRICT OF CALIFORNIA**

11

12  GLOBAL MERCHANDISING SERVICES,　)　　No. 2:17-cv-01169-TLN-EFB
    LTD.,　　　　　　　　　　　　　)
13　　　　　　　　　　　　　　　　)　　**ORDER GRANTING TEMPORARY**
    　　　　　　　Plaintiff,　　　　)　　**RESTRAINING ORDER AND**
14　　　　　　　　　　　　　　　　)　　**SEIZURE ORDER**
    　　　　v.　　　　　　　　　　　)
15　　　　　　　　　　　　　　　　)
    JOHN DOES 1-100, JANE DOES 1-100　)
16  AND XYZ COMPANY,　　　　　　　)
    　　　　　　　　　　　　　　　　)
17　　　　　　　Defendants.　　　　　)
    　　　　　　　　　　　　　　　　)
18

19        Based upon the complaint, memorandum of points and authorities, Declaration of Bradford

20  James Andersen and the Certificate of Counsel and all other pleadings and proceedings and good

21  cause being shown:

22        **IT IS HEREBY ORDERED,** that defendants, their agents, servants, employees,

23  attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert

24  or participation with said defendants, are hereby enjoined and restrained from:

25        (A)    Using any or all of the Artist ("ROGER WATERS") Trademarks, in connection

26  with the sale, offering for sale, distribution, and/or advertising of any clothing or other

27  merchandise;

28        (B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other

1

1    merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

2        (C)    Aiding, abetting, inducing, or encouraging another to perform any of the acts

3    enjoined herein.

4        IT IS FURTHER ORDERED, that the United States Marshal, for this district or any

5    district in which Plaintiff seeks to enforce this Order in the United States, the state police, local

6    police, local deputy sheriffs, off duty officers of the same, and any person acting under their

7    supervision (collectively "Process Servers"), are hereby authorized to seize and impound any and

8    all unauthorized merchandise bearing any or all of the Artist's Trademarks (namely of ROGER

9    WATERS) or any colorable imitations or variations thereof, or associated marks which

10   Defendants or their agents, employees or representatives attempt to sell or are holding for sale in

11   the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any

12   performance of the Artist's tour within a five (5) mile vicinity of the halls, stadiums or arenas at

13   which said tour shall be performing or elsewhere where such merchandise is being sold, held for

14   sale or is otherwise found, including any carton, bag, vehicle or container in which such

15   merchandise is transported or stored. All clothing, jewelry, photographs, posters and other

16   merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or

17   variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the

18   Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or

19   otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this

20   Order.

21       IT IS FURTHER ORDERED, that service of a copy of this Order together with the

22   Summons and Complaint be made upon Defendants by the Process Servers at the time the seizure

23   is effected and that such service shall be deemed good and sufficient.

24       IT IS FURTHER ORDERED, that each and every Defendant be served with a copy of this

25   order promptly, courteously and peaceably identify himself or herself to the aforementioned

26   Process Server and that the Process Server or agents for Plaintiff be allowed to photograph,

27   videotape or otherwise identify the defendant.

28       IT IS FURTHER ORDERED, that the Process Server shall offer a receipt to each person

from whom goods are seized.

IT IS FURTHER ORDERED, that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

IT IS FURTHER ORDERED, that all unauthorized items heretofore or hereafter seized in this action be delivered up to Plaintiff or the persons designated above, pending final disposition of this matter.

Dated: June 6, 2017

_____
Troy L. Nunley
United States District Judge

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| F.E.A., INC., | ) | Case No. CV 16-03062-AB (JEMx) |
|        Plaintiff, | ) ) | **[PROPOSED] TEMPORARY** |
|        v. | ) ) | **RESTRAINING ORDER;** **SEIZURE ORDER; AND ORDER** |
| JOHN DOES 1-5, JANE DOES 1-4 AND XYZ COMPANY, | ) ) ) | **TO SHOW CAUSE WHY A** **PRELIMINARY INJUNCTION** |
|        Defendants. | ) ) | **AND SEIZURE ORDER** **SHOULD NOT ISSUE** |
| _____ | ) | |

Based upon the complaint, memorandum of points and authorities, Declaration of Steven Lewis and the Certificate of Counsel and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-5, Jane Does 1-4 and XYZ Company their true identities being unknown  (collectively "Defendants"), show cause before the Honorable André Birotte Jr., United States District Court Judge, in Courtroom 4 of the United States District Court for the Central District of California, located at 312 North Spring St., Los Angeles, California at 10:00 a.m. on May 16, 2016 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65, the Lanham Act 15 U.S.C. § 1051 et. seq., the All Writs Act, 28 U.S.C. § 1651, should not be entered granting to Plaintiff F.E.A., Inc., a

preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos or other indicia of the group known as "JOURNEY" (collectively, the "Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing the Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Trademarks, and impairment of the good will Plaintiff and its licensees have in the said Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, are hereby temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Trademarks;

TRO AND SEIZURE ORDER

**AND IT IS FURTHER ORDERED** that the United States Marshal, for this District or any district in which Plaintiff enforce this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Trademarks (namely of the group JOURNEY) which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which said Tour shall be performing, including but not limited to on May 12, 2016 at the Irvine Meadows Amphitheatre in Irvine, California;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, bank check, credit card or cash in the amount of $5,000 no later than May 11, 2016, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

TRO AND SEIZURE ORDER

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before May 13, 2016 at 3:00 p.m. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before May 16, 2016 at 10:00 a.m.  Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65(b)(4), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days' notice or shorter notice as this Court may allow.

**IT IS SO ORDERED.**

Dated: May 10, 2016

_____

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

CC: USM, FISCAL

TRO AND SEIZURE ORDER

1  KENNETH A. FEINSWOG                          CC: FISCAL
2  Bar No. 129562
   400 Corporate Pointe, Suite 300
3  Culver City, California 90230
4  Telephone: (310) 846-5800
   Facsimile: (310) 310-846-5801
5  kfeinswog@aol.com
6
7  Attorney for Plaintiff
8
9                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11
12 BRAVADO INTERNATIONAL GROUP     )  CIVIL CASE NO. CV 12-8335
13 MERCHANDISING SERVICES, INC.,   )  ABC  (JEMx)
                                   )
14              Plaintiff,         )
                                   )
15                                 )
      v.                           )  **[PROPOSED]**
16                                 )  **ORDER TO SHOW CAUSE**
17 VARIOUS JOHN DOES, JANE DOES,   )  **ON MOTION FOR**
   and ABC COMPANIES               )  **PRELIMINARY**
18                                 )  **INJUNCTION**
19              Defendants.        )  **WITH TEMPORARY**
                                   )  **RESTRAINING ORDER**
20                                 )  **AND ORDER OF SEIZURE**
21                                 )
22 _____ )
23
        Upon the declarations of Kenneth A. Feinswog and Alan Rebhun and
24
   plaintiff's Memorandum of Law and the Complaint submitted herewith:
25
26
27
28

                                   1

IT IS HEREBY ORDERED THAT defendants, Various John Does, Jane Does and ABC Companies, their true identity being unknown, show cause on the **4 day of October, 2012 at 10 o'clock in Courtroom 680** at the United States District Court for the Central District of California, 255 Temple Street, Los Angeles, California 90012, why an order pursuant to Rule 65 FRCP should not be entered granting to plaintiff a preliminary injunction enjoining defendants from manufacturing, distributing, selling or holding for sale and authorizing seizure of all clothing, jewelry, photographs, posters and other merchandise bearing the Justin Bieber trademark, likeness and logos;

AND it appearing to the Court that defendants are distributing and/or are about to distribute in interstate commerce and sell at or near the sites of the current Justin Bieber United States concert tour, clothing, jewelry, photographs, posters and other merchandise bearing the Justin Bieber trademark, logos and/or likeness will continue to carry out such acts unless restrained by Order of the Court;

AND it appearing to the Court that immediate and irreparable injury, loss and damage will result to plaintiff before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the Temporary Restraining Order, in that defendants are preparing to be manufacturing, distributing, and selling throughout the current Justin Bieber concert tour infringing Justin Bieber merchandise and that unless said defendants

2

are enjoined from said manufacture, distribution and sale, plaintiff will suffer immediate and irreparable injury and harm in the form of loss of income, the dilution of the Justin Bieber mark, interference with plaintiff's ability to exploit its own merchandising rights, confusion in the marketplace as to the duly authorized source of Justin Bieber merchandise and the impairment of the goodwill that plaintiff has in the Justin Bieber trademark, it is hereby

ORDERED, that pending the hearing and determination of this motion, defendants Various John Does, Jane Does and ABC Companies, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with said defendants be and they hereby are temporarily restrained from manufacturing, distributing and selling infringing merchandise bearing the Justin Bieber trademark, logos and/or likeness and it is further

ORDERED, that the U.S. Marshal for this District, the U.S. Marshal(s) and/or state, county or local law enforcement authorities for any such district in which plaintiff enforces this order and persons acting under their supervision are hereby authorized and directed to seize, impound and deliver to plaintiff or its representatives, any and all infringing imitation and unauthorized merchandise bearing the Justin Bieber trademark, logos and/or likeness including any cartons, containers or vehicles or other means of transport in which the same is held from

3

(6) hours before to six (6) hours after any performance on any concert on the Justin Bieber tour which defendants sell, attempt to sell or hold for sale within five (5) miles of the exterior border of the concerts on the Justin Bieber tour including, but not limited to, the Justin Bieber concerts at Staples Center, Los Angeles, California on October 2 and 3, 2012; and it is further

ORDERED, that this Order be and is hereby conditioned upon plaintiff filing with the Clerk of this Court, an undertaking, a bond or a certified, cashiers or attorneys check or cash in the amount of **$5,000** Dollars no later than **Monday, October 1, 2012** to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby; and it is further

ORDERED, that this Temporary Restraining Order is conditioned upon plaintiffs advancing to law enforcement officers such sum as is required to cover the fees for said services, in the event that plaintiff seeks said services in this or any other district, and it is further

ORDERED, that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the defendants by the United States Marshal, state or local enforcement authority or by any person over the age of eighteen (18) years selected for the purpose by plaintiff, at the time of the

4

1  seizure provided herein is effected and that such service shall be deemed good and

2  sufficient;

3

4       ORDERED, that the process server shall offer a receipt to each person from

5  whom merchandise is seized and that plaintiff shall be deemed substitute custodian

6

7  for all merchandise seized; and it is further

8       ORDERED, that each and every defendant served with a copy of this Order

9

10  shall promptly, courteously and peaceably identify himself or herself to the

11  aforementioned process server by presenting written proof of identification to said

12

13  process server and said process server or agents for plaintiff shall be allowed to

14  photograph, video tape or otherwise identify the defendant; and it is further

15       ORDERED, that defendants' responsive papers, if any, shall be filed with

16

17  the Clerk of this Court and served upon the attorney for plaintiff by delivering a

18  copy to its counsel on or before **October 3, 2012**; Any reply shall be filed by

19

20  plaintiff on or before **October 4, 2012**. If any defendant requests all other

21  pleadings, plaintiff shall provide copies of said pleadings to any identified

22  defendant; and it is further

23

24       ORDERED, that any defendant who is hereafter served with a copy of this

25  Order who objects to the provisions hereof may submit his or her objections to this

26

27

28

1   Court or otherwise move for relief from this Court according to the Federal Rules

2
3   of Civil Procedure, but no such objection shall serve to suspend this Order or stay

4   the terms hereof unless otherwise ordered by this Court.

5

6

7   Dated: September 27, 2012

8   _Amy B. Collins_

9
10  Time:  2:26 pm
    _____
    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19  Presented by:

20
    s/ Kenneth A. Feinswog
21  Kenneth A. Feinswog
22  Attorney for Plaintiff

23

24

25

26

27

28



KENNETH A. FEINSWOG, ESQ.
Bar No. 129562
1925 Century Park East
Suite 850
Los Angeles, CA 90067
(310) 277-8211

Attorney for Plaintiffs

*Priority Send*
*ENT*
*NO*
*JS-6*

FILED
CLERK, U.S. DISTRICT COURT

JUN 30 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
       *D-A*

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

OF CALIFORNIA - WESTERN DIVISION

-------------------------------X   *03 - 4358* R   (A....)
                                                  *ABC*

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC., BRAVADO
INTERNATIONAL GROUP MERCHANDISING
SERVICES, LTD., DRUEX FREDERIC p/k/a FIZZ,
JARELL HOUSTON p/k/a J-BOOG, DEMARIO
THORTON PLAINTIFFS FOR ORDER p/k/a
RAZ-B, OMARION GRANDBERRY p/k/a
OMARION, collectively and professionally known
as B2K and THE ULTIMATE CORPORATION
GROUP, INC.,

                            Plaintiffs,

                -against-

VARIOUS JOHN DOES, JANE DOES and
ABC COMPANIES,

                            Defendants.
-------------------------------X

CIVIL ACTION NO.

ORDER TO SHOW CAUSE ON
MOTION FOR PRELIMINARY
INJUNCTION WITH
TEMPORARY RESTRAINING
ORDER AND ORDER OF
SEIZURE

       Upon the declarations submitted herewith and plaintiffs' Memorandum of Law and the

Complaint submitted herewith:

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 1 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

                                    1

Page 15
Exhibit A

1

2    IT IS HEREBY ORDERED THAT defendants, Various John Does, Jane Does and ABC

3    Companies, their true identity being unknown, show cause on the _21_ day of July, 2003 at _10:15 am_ in

4    the United States District Court for the Central District of California, Courtroom No. _680_,

5    _255 E. Temple St._, Los Angeles, California why an order pursuant to Rule 65 FRCP

6    should not be entered granting to plaintiffs an order preliminary enjoining defendants from

7    manufacturing, distributing, selling or holding for sale and authorizing seizure of all clothing, jewelry,

8    photographs, posters and other merchandise bearing the name, logos, trade name and trademark of

9    B2K and/or the individual members of B2K and/or replicas of artwork embodied on jackets

10   containing the recordings of B2K;

11

12

13   AND it appearing to the Court that defendants are distributing and are about to continue to

14   distribute in interstate commerce and sell at or near the sites of the current United States concert tour

15   of B2K, clothing, jewelry, photographs, posters and other merchandise bearing the name, logos, trade

16   name and trademark of B2K and/or the likenesses of the individual members of B2K and/or replicas

17   of artwork embodied on the jackets of recordings of B2K and will continue to carry out such acts

18   unless restrained by Order of the Court;

19

20

21   AND it appearing to the Court that immediate and irreparable injury, loss and damage will

22   result to plaintiffs before defendants can be identified and given notice and their attorneys can be

23   heard in opposition to the granting of the Temporary Restraining Order, in that defendants are

24   preparing to be manufacturing, distributing, and selling throughout the current concert tour of B2K

25   infringing merchandise of B2K and that unless said defendants are enjoined from said manufacture,

26

27

28                                              2

1   distribution and sale, plaintiffs will suffer immediate and irreparable injury and harm in the form of

2   loss of income, the dilution of B2K trademark, interference with plaintiffs' ability to exploit their own

3   merchandising rights, confusion in the marketplace as to the duly authorized source of B2K

4   merchandise and the impairment of the goodwill that plaintiffs have in B2K name and trademark, it is

5   hereby

6

7

8

9        ORDERED, that pending the hearing and determination of this motion, or the expiration of

10  ten (10) days from the date hereof, whichever shall first occur, defendants various John Does, Jane

11  Does and ABC Companies, their agents, servants, employees, attorneys, successors and assigns and

12  all persons, firms and corporations acting in concert with said defendants be and they hereby are

13  temporarily restrained from manufacturing, distributing and selling infringing merchandise bearing the

14  B2K name, trademark, logos and/or the likenesses of the individual members of B2K and/or artwork

15  embodied on jackets containing recordings of B2K; and it is further

16

17

18        ORDERED, that the U.S. Marshal for this District, the U.S. Marshal(s) and/or state, county

19  or local law enforcement authorities for any such district in which plaintiffs enforce this order and

20  persons acting under their supervision are hereby authorized and directed to seize, impound and

21  deliver to plaintiffs or their representatives any and all infringing and imitation B2K merchandise

22  including the containers or vehicles in which same is held or transported, which defendants sell,

23  attempt to sell or hold for sale wherever found;

24

25

26

27

28                                            3

1

2          AND The U.S. Marshal(s), state, county or local law enforcement authorities and persons

3    acting under their supervision shall consider all clothing, jewelry, photographs, posters and other

4    merchandise bearing the B2K name, logos and/or trademark, and/or the likenesses of the individual

5    members of B2K and/or artwork contained on covers containing the recordings of B2K sold or held

6    for sale before, during and after the concerts that are scheduled to be performed on the following

7    dates and at the following places listed below, to be infringing articles subject to the provisions of this

8    Temporary Restraining Order and Order of Seizure above recited:

9

10

11         Within five miles of the exterior border of and including the area comprising:

12   **Date**                    **Location**

13   07/03/03                    The Great Western Forum
14                               Inglewood, CA

15   07/04/03                    Aladdin Hotel & Casino
16                               Las Vegas, NV

17   07/05/03                    ARCO Arena
18                               Sacramento, CA

19   07/06/03                    Oakland Arena
20                               Oakland, CA

21   07/10/03                    U.S. Cellular Center
22                               Cedar Rapids, IA

23   07/11/03                    UIC Pavilion
24                               Chicago, IL

25   07/12/03                    Hara Arena
26                               Dayton, OH

27   07/13/03                    Freedom Hall
28                               Louisville, KY

4

Page 18
Exhibit A

73

1

2  and it is further

3

4      ORDERED, that this Temporary Restraining Order be and is hereby conditioned upon

5  plaintiffs filing with the Clerk of this Court, an undertaking, a bond or a certified, cashiers or

6  attorneys check or cash in the amount of __$5,000__ Dollars to secure payment of such

7  costs and damages not to exceed such sum as may be suffered or sustained by any party who is found

8  to be wrongfully restrained hereby, and it is further

9

10      ORDERED, that this Temporary Restraining Order if served by a U.S. Marshal is conditioned

11  upon plaintiffs advancing to the U.S. Marshal(s) such sum as is required by the U.S. Marshal(s) to

12  cover the fees for their services above described, if any, and it is further

13

·14

15      ORDERED, that the process server shall offer a receipt to each person from whom

16  merchandise is seized and that the plaintiffs shall be deemed substitute custodian for all merchandise

17

18  seized, and it is further

19

20      ORDERED, that each and every defendant served with a copy of this Order shall promptly,

21  courteously and peaceably identify himself or herself to the aforementioned process server by

22  presenting written proof of identification to said process server and said process server or agents for

23

24  plaintiffs shall be allowed to photograph, video tape or otherwise identify the defendant, and it is

25  further

26

27

28

ORDERED, that defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for plaintiffs by delivering a copy to their counsel with a copy on or before July __15__, 2003, and it is further

ORDERED, that because of the numerous defendants, that service of a copy of only this Order to Show Cause be made upon the defendants along with the Summons and Complaint at the time that the seizure provided herein, if any, is effected. If any defendant requests all other pleadings, plaintiffs shall provide copies of said pleadings to any identified defendant, and it is further

ORDERED, that any defendant who is hereafter served with a copy of this Order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

Dated: June 30, 2003

Time: ___2:00 pm___                         _____
                                            UNITED STATES DISTRICT JUDGE


Presented by:

_____
Kenneth A. Feinswog
Attorney for Plaintiffs

6

Page 20
Exhibit A

15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRAVADO INTERNATIONAL GROUP )
MERCHANDISING SERVICES, INC., )
and CHRIS BROWN, )
                                )
                    Plaintiffs, )
                                )
          v.                    )     CASE NO. _____
                                )
VARIOUS JOHN DOES, JANE DOES and )
ABC COMPANIES, )
                                )
                    Defendants. )

**ORDER TO SHOW CAUSE ON MOTION FOR PRELIMINARY INJUNCTION**
**WITH TEMPORARY RESTRAINING ORDER AND ORDER OF SEIZURE**

Upon the declarations and plaintiffs' Memorandum of Law and the Complaint submitted herewith:

IT IS HEREBY ORDERED THAT defendants, Various John Does, Jane Does and ABC Companies, their true identity being unknown, show cause on the _____ day of August, 2006 at _____ o'clock in the United States District Court for the Southern District of Indiana, Birch Bayh U.S. Courthouse, Courtroom No._____, 46 East Ohio Street, Indianapolis, Indiana why an order pursuant to Rule 65 FRCP should not be entered granting to plaintiffs a preliminary injunction enjoining defendants from manufacturing, distributing, selling or holding for sale and authorizing seizure of all clothing, jewelry, photographs, posters and other merchandise bearing the Chris Brown trademark, logos and/or likeness and/or replicas of artwork embodied on jackets containing the recordings of Chris Brown;

AND it appearing to the Court that defendants are distributing and/or are about to distribute in interstate commerce and sell at or near the sites of the current Chris Brown United States concert tour, clothing, jewelry, photographs, posters and other merchandise bearing the Chris Brown

126

trademark, logos and/or likeness and/or replicas of artwork embodied on the jackets of recordings of Chris Brown and will continue to carry out such acts u- less restrained by Order of the Court;

AND it appearing to the Court that immediate and irreparable injury, loss and damage will result to plaintiffs before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the Temporary Restraining Order, in that defendants are preparing to be manufacturing, distributing, and selling throughout the current Chris Brown concert tour infringing Chris Brown merchandise and that unless said defendants are enjoined from said manufacture, distribution and sale, plaintiffs will suffer immediate and irreparable injury and harm in the form of loss of income, the dilution of the Chris Brown mark, interference with plaintiffs' ability to exploit their own merchandising rights, confusion in the marketplace as to the duly authorized source of Chris Brown merchandise and the impairment of the goodwill that plaintiffs have in the Chris Brown trademark, it is hereby

ORDERED, that pending the hearing and determination of this motion, defendants various John Does, Jane Does and ABC Companies, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with said defendants be and they hereby are temporarily restrained from manufacturing, distributing and selling infringing merchandise bearing the Chris Brown trademark, logos and/or likeness and/or artwork embodied on jackets containing recordings of Chris Brown; and it is further

ORDERED, that the U.S. Marshal for this District, the U.S. Marshal(s) and/or state, county or local law enforcement authorities for any such district in which plaintiffs enforce this order and persons acting under their supervision are hereby authorized and directed to seize, impound and deliver to plaintiffs or their representatives any and all infringing imitation and unauthorized Chris Brown merchandise including the containers or vehicles in which same is held or transported, which defendants sell, attempt to sell or hold for sale within five miles of the exterior border of the concerts on the Chris Brown tour including, but not limited to, the Chris Brown concert at Verizon Wireless Music Center, Noblesville, Indiana on August 18, 2006; and it is further

2

127

ORDERED, that this Order be and is hereby conditioned upon plaintiffs filing with the Clerk of this Court, an undertaking, a bond or a certified, cashiers or attorneys check or cash in the amount of *Ten Thousand* Dollars to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby; and it is further

ORDERED, that this Temporary Restraining Order if served by a U.S. Marshal is conditioned upon plaintiffs advancing to the U.S. Marshal(s) such sum as is required by the U.S. Marshal(s) to cover the fees for their services above described, if any, and it is further

ORDERED, that the process server shall offer a receipt to each person from whom merchandise is seized and that plaintiffs shall be deemed substitute custodian for all merchandise seized; and it is further

ORDERED, that each and every defendant served with a copy of this Order shall promptly, courteously and peaceably identify himself or herself to the aforementioned process server by presenting written proof of identification to said process server and said process server or agents for plaintiffs shall be allowed to photograph, video tape or otherwise identify the defendant; and it is further

ORDERED, that defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorney for plaintiffs by delivering a copy to their counsel on or before *Thursday*, August *24*, 2006; and it is further

ORDERED, that because of the numerous defendants, service of a copy of only this Order to Show Cause be made upon the defendants along with the Summons and Complaint at the time that the seizure provided herein, if any, is effected. If any defendant requests all other pleadings, plaintiffs shall provide copies of said pleadings to any identified defendant; and it is further

ORDERED, that any defendant who is hereafter served with a copy of this Order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve

to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

Dated: August $\underline{16}$, 2006

Time: $\underline{5:00}$ p.m.

Presented by:

David O. Tittle – Bar No. 857-49
Rafael A. Sanchez – Bar No. 23732-49
Kandi K. Hidde – Bar No. 18033-49
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204-4900
Telephone: 317-635-8900
Facsimile: 317-236-9907

Kenneth A. Feinswog
6100 Center Drive, Suite 630
Los Angeles, CA 90045
Telephone: 310-846-5800
Facsimile: 310-846-5801
(pro hac vice motion forthcoming)

*Counsel for Plaintiffs*

1081427

83
A

Case 1:24-cv-06616-JPC    Document 5-2    Filed 09/03/24    Page 49 of 61
Case 2:12-cv-08335-ABC-JEM   Document 1   Filed 09/28/12   Page 142 of 266   Page ID #:193
Case 2:08-cv-02500-ABC -CT    Document 5-2    Filed 04/16/08    Page 27 of 70    Page ID #:71

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

————————————————————X

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, LTD., JON
BONGIOVI p/k/a JON BON JOVI, DAVID
BRYAN RASHBAUM, RICHARD SAMBORA,
HECTOR TORRES collectively and professionally
known as BON JOVI, BON JOVI TOURS, INC.
and BON JOVI PRODUCTIONS, INC.,

                Plaintiffs,

      -against-

VARIOUS JOHN DOES, JANE DOES and
ABC COMPANIES,

            Defendants.

————————————————————X

CIVIL ACTION  NO.
00 CIV 5643


ORDER TO SHOW CAUSE
ON MOTION FOR PRELIMINARY
INJUNCTION WITH
TEMPORARY RESTRAINING
ORDER AND ORDER OF
SEIZURE

Upon the declarations and plaintiffs' Memorandum of Law and the Complaint submitted

herewith:


IT IS HEREBY ORDERED THAT defendants, Various John Does, Jane Does and ABC

Companies, their true identity being unknown, show cause on the _17_ day of November, 2000 at

_9:00_ o'clock in the United States District Court for the Eastern District of Pennsylvania, Courtroom

No._13A_, 601 Market Street, Philadelphia, Pennsylvania why an order pursuant to Rule 65 FRCP

should not be entered granting to plaintiffs a preliminary injunction enjoining defendants from

         9/6/A

            1

A TRUE COPY CERTIFIED FROM THE RECORD
DATED:  11/8/00
ATTEST:

         81
         142

Case 2:12-cv-08335-ABC-JPG Document 5-2 Filed 09/03/24 Page 143 of 265 Page ID #:194
Case 1:24-cv-06616-JPG Document 5-2 Filed 09/03/24 Page 50 of 61 Page ID #:194

Case 2:08-cv-02500-ABC -CT Document 5-2 Filed 04/16/08 Page 28 of 70 Page ID #:72

manufacturing, distributing, selling or holding for sale and authorizing seizure of all clothing, jewelry, photographs, posters and other merchandise bearing the name, logos, trade name and trademark of Bon Jovi and/or the likenesses of the individual members of Bon Jovi and/or replicas of artwork embodied on jackets containing the recordings of Bon Jovi;

AND it appearing to the Court that defendants are distributing and are about to continue to distribute in interstate commerce and sell at or near the sites of the current Bon Jovi United States concert tour, clothing, jewelry, photographs, posters and other merchandise bearing the name, logos, trade name and trademark of Bon Jovi and/or the likenesses of the individual members of Bon Jovi and/or replicas of artwork embodied on the jackets of recordings of Bon Jovi and will continue to carry out such acts unless restrained by Order of the Court;

AND it appearing to the Court that immediate and irreparable injury, loss and damage will result to plaintiffs before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the Temporary Restraining Order in that defendants are preparing to be manufacturing, distributing, and selling throughout the current Bon Jovi concert tour, infringing merchandise of Bon Jovi and that unless said defendants are enjoined from said manufacture, distribution and sale, plaintiffs will suffer immediate and irreparable injury and harm in the form of loss of income, the dilution of the Bon Jovi trademark, interference with plaintiffs' ability to exploit their own merchandising rights, confusion in the marketplace as to the duly authorized source of Bon Jovi merchandise and the impairment of the goodwill that plaintiffs have in the Bon Jovi name and trademark, it is hereby

2

97
Λ

82
143

ORDERED, that pending the hearing and determination of this motion, or the expiration of ten (10) days from the date hereof, whichever shall first occur, defendants various John Does, Jane Does and ABC Companies, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with said defendants be and they hereby are temporarily restrained from manufacturing, distributing and selling infringing merchandise bearing the Bon Jovi name, trademark, logos and/or likenesses of the individual members of Bon Jovi and/or artwork embodied on jackets containing recordings of Bon Jovi; and it is further

ORDERED, that the U.S. Marshal for this District, the U.S. Marshal(s) and/or state, county or local law enforcement authorities for any such district in which plaintiffs enforce this order and persons acting under their supervision are hereby authorized and directed to seize, impound and deliver to plaintiffs or their representatives any and all infringing and imitation Bon Jovi merchandise including the containers or vehicles in which same is held or transported, which defendants sell, attempt to sell or hold for sale wherever found;

AND the U.S. Marshal(s), state, county or local law enforcement authorities and persons acting under their supervision shall consider all clothing, jewelry, photographs, posters and other merchandise bearing the Bon Jovi name, logos and/or trademark, the likenesses of the individual members of Bon Jovi and/or artwork contained on covers containing the recordings of Bon Jovi sold or held for sale before, during and after Bon Jovi concerts including those scheduled to be performed on the following dates and at the following places listed below, to be infringing articles subject to the provisions of this Temporary Restraining Order and Order of Seizure above recited:

3

98
A

Within five miles of the exterior border of all Bon Jovi concert performances including the area comprising:

| Date | Location |
|------|----------|
| 11/10/00 | First Union Center<br>Philadelphia, PA |
| 11/12/00 | Mellon Arena<br>Pittsburgh, PA |
| 11/14/00 | First Union Arena<br>Wilkes Barre, PA |
| 11/16/00 | Continental Arena<br>East Rutherford, NJ |
| 11/18/00 | Palace of Auburn Hills<br>Auburn Hills, MI |

and it is further

ORDERED, that this Temporary Restraining Order be and is hereby conditioned upon plaintiffs filing with the Clerk of this Court, an undertaking, a bond or a certified, cashiers or attorneys check or cash in the amount of _____ 5, 000.00 _____ Dollars to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby, and it is further

ORDERED, that this Temporary Restraining Order if served by a U.S. Marshal is conditioned upon plaintiffs advancing to the U.S. Marshal(s) such sum as is required by the U.S. Marshal(s) to cover the fees for their services above described, if any, and it is further

99
A

84
145

ORDERED, that the process server shall offer a receipt to each person from whom merchandise is seized and that the plaintiffs shall be deemed substitute custodian for all merchandise seized, and it is further

ORDERED, that each and every defendant served with a copy of this Order shall promptly, courteously and peaceably identify himself or herself to the aforementioned process server by presenting written proof of identification to said process server and said process server or agents for plaintiffs shall be allowed to photograph, video tape or otherwise identify the defendant, and it is further

ORDERED, that defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorney for plaintiffs by delivering a copy to their counsel on or before _5:00 p.m._, November _16_, 2000, and it is further

ORDERED, that because of the numerous defendants, that service of a copy of only this Order to Show Cause be made upon the defendants along with the Summons and Complaint at the time that the seizure provided herein, if any, is effected. If any defendant requests all other pleadings, plaintiffs shall provide copies of said pleadings to any identified defendant, and it is further

5

Page _100_
Exhibit _A_

85
146

ORDERED, that any defendant who is hereafter served with a copy of this Order who objects

to the provisions hereof may submit his or her objections to this Court or otherwise move for relief

from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve

to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

Dated: November _8_, 2000

Time: _10:52 a.m_                _____C.____
                        UNITED STATES DISTRICT JUDGE

bonjovi.ord

6

Page _101_
Exhibit _K_

86
147

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---

```
--------------------------------------X
ROBERT A. PLANT p/k/a ROBERT PLANT,  :
JAMES P. PAGE p/k/a JIMMY PAGE,      :
P&P TOURING, INC. and BIG TOURS,     :
INC.                                 :
                                     :
                    Plaintiffs,      :
                                     :  Case No. 98-499-Civ-J-20A
                                     :
         -against-                   :
                                     :
                                     :
                                     :
VARIOUS JOHN DOES, JANE DOES and     :
ABC COMPANIES,                       :
                                     :
                    Defendants.      :
--------------------------------------X
```

**ORDER TO SHOW CAUSE ON MOTION FOR PRELIMINARY INJUNCTION
WITH TEMPORARY RESTRAINING ORDER AND ORDER OF SEIZURE**

Upon the declarations of Robert A. Plant and James P.
("Jimmy") Page executed on the 19th day of May, 1998, Steve Miles
executed on the 21st day of May, 1998 and Kenneth A. Feinswog
executed on the 21st day of May, 1998 and plaintiffs' Memorandum of
Law and the Complaint submitted herewith:

IT IS HEREBY ORDERED THAT defendants, Various John Does, Jane
Does and ABC Companies, their true identity being unknown,
show cause on the 28th day of May, 1998 at 4:00 o'clock p.m. in the

1

Page 102
Exhibit A

United States District Court for the Middle District of Florida, Courtroom No. 1, 311 West Monroe Street, Jacksonville, Florida, why an order pursuant to Rule 65 FRCP should not be entered granting to plaintiffs an order preliminarily enjoining defendants from manufacturing, distributing, selling or holding for sale and authorizing seizure of all clothing, jewelry, photographs, posters and other merchandise bearing the names, logos, trade names and trademarks of Jimmy Page, Robert Plant and/or Led Zeppelin and/or the likenesses of Jimmy Page and Robert Plant and/or replicas of artwork embodied on jackets containing the recordings of Jimmy Page, Robert Plant and/or Led Zeppelin;

AND it appearing to the Court that defendants are distributing and are about to continue to distribute in interstate commerce and sell at or near the sites of the current Jimmy Page/Robert Plant United States concert tour, clothing, jewelry, photographs, posters and other merchandise bearing the names, logos, trade names and trademarks of Jimmy Page, Robert Plant and/or Led Zeppelin and/or the likenesses of Jimmy Page and Robert Plant and/or replicas of artwork embodied on the jackets of recordings of Jimmy Page, Robert Plant and/or Led Zeppelin and will continue to carry out such acts unless restrained by Order of the Court;

AND it appearing to the Court that immediate and irreparable

2

Page 103
Exhibit A

Case 2:12-cv-08333-ABC-DTW Document 5-2 Filed 09/03/24 Page 150 of 168 Page ID:201
Case 1:24-cv-06616-JPC Document 5-2 Filed 09/03/24 Page 57 of 61

Case 2:08-cv-02500-ABC -CT   Document 5-2   Filed 04/16/08   Page 35 of 70   Page ID #:79

injury, loss and damage will result to plaintiffs before defendants
can be identified and given notice and their attorneys can be heard
in opposition to the granting of the Temporary Restraining Order,
in that defendants are preparing to be manufacturing, distributing,
and selling throughout the current Jimmy Page/Robert Plant United
States concert tour, infringing merchandise of Jimmy Page, Robert
Plant and/or Led Zeppelin and that unless said defendants are
enjoined from said manufacture, distribution and sale, plaintiffs
will suffer immediate and irreparable injury and harm in the form
of loss of income, the dilution of the Jimmy Page, Robert Plant
and/or Led Zeppelin trademarks, interference with plaintiffs'
ability to exploit their own merchandising rights, confusion in the
marketplace as to the duly authorized source of Jimmy Page, Robert
Plant and/or Led Zeppelin merchandise and the impairment of the
goodwill that plaintiffs have in the names and trademarks Jimmy
Page, Robert Plant and/or Led Zeppelin, it is hereby

ORDERED, that pending the hearing and determination of this
motion, defendants various John Does, Jane Does and ABC Companies,
their agents, servants, employees, attorneys, successors and
assigns and all persons, firms and corporations acting in concert
with said defendants be and they hereby are temporarily restrained
from manufacturing, distributing and selling infringing merchandise
bearing the Jimmy Page, Robert Plant and/or Led Zeppelin names,

3

Page 104
Exhibit A

150

trademarks, logos and/or likenesses of Jimmy Page and/or Robert
Plant and/or artwork embodied on jackets containing recordings of
Jimmy Page, Robert Plant and/or Led Zeppelin; and it is further

ORDERED, that the U.S. Marshal for the Middle District of
Florida, the U.S. Marshal(s) and/or state, county or local law
enforcement authorities, acting at the request of a plaintiff or
his specifically designated agent or representative, for any such
district in which plaintiffs enforce this order, and persons acting
under their supervision are hereby authorized and directed to
seize, impound and deliver to plaintiffs or their representatives
any and all infringing and imitation Jimmy Page, Robert Plant
and/or Led Zeppelin merchandise to be inventoried, safeguarded and
held in custody for the Court  which defendants sell, attempt to
sell or hold for sale wherever found;

AND  The U.S. Marshal(s), state, county or local law
enforcement authorities, and persons acting under their supervision
shall consider all clothing, jewelry, photographs, posters and
other merchandise bearing the names, logos and/or trademarks of
Jimmy Page, Robert Plant and/or Led Zeppelin, the likenesses of
Jimmy Page and/or Robert Plant and/or artwork contained on covers
containing the recordings of Jimmy Page, Robert Plant and/or Led
Zeppelin sold or held for sale twelve (12) hours before, during and

4

Page 105
Exhibit A

151

twelve (12) hours after the concerts that are scheduled to be performed on the following dates and at the following places listed below, as identified by plaintiff or his specifically designated agent or representative as infringing articles subject to the provisions of this Temporary Restraining Order and Order of Seizure above recited:

Within two (2) miles of the exterior border of and including the area comprising:

| Date | Location |
|------|----------|
| 5/23/98 | Coliseum<br>Jacksonville, Florida |
| 5/26/98 | Coliseum<br>Charlotte, North Carolina |
| 5/27/98 | Coliseum<br>Charleston, South Carolina |

and it is further

ORDERED, that this Temporary Restraining Order be and is hereby conditioned upon plaintiffs filing with the Clerk of this Court, an undertaking, a bond or a certified, cashiers or attorneys check or cash in the amount of Five Thousand Dollars ($5,000.00) to

5

Page 102
Exhibit A

152

Case 2:12-cv-08335-ABC-JPG   Document 5-2   Filed 09/03/24   Page 153 of 166   Page ID #:204
Case 1:24-cv-06616-JPC   Document 1-2   Filed 09/03/24   Page 60 of 61

Case 2:08-cv-02500-ABC-CT   Document 5-2   Filed 04/16/08   Page 38 of 70   Page ID #:82

secure payment of such costs and damages not to exceed such sum as
may be suffered or sustained by any party who is found to be
wrongfully restrained hereby, and it is further

ORDERED, that this Temporary Restraining Order if served by a
U.S. Marshal is conditioned upon plaintiffs advancing to the U.S.
Marshal(s) such sum as is required by the U.S. Marshal(s) to cover
the fees for their services above described, if any, and it is
further

ORDERED, that the process server shall offer a receipt to each
person from whom merchandise is seized and that the plaintiffs
shall be deemed substitute custodian for all merchandise seized,
and it is further

ORDERED, that each and every defendant served with a copy of
this Order shall promptly, courteously and peaceably identify
himself or herself to the aforementioned process server by
presenting written proof of identification to said process server
and said process server or agents for plaintiffs shall be allowed
to photograph, video tape or otherwise identify the defendant, and
it is further

ORDERED, that defendants' responsive papers, if any, shall be

6

Page 107
Exhibit A

filed with the Clerk of this Court and served upon the attorneys for plaintiffs by delivering copies to their counsel on or before Wednesday, May 27th, 1998, at 5:00 p.m., and it is further

ORDERED, that because of the numerous Defendants, that service of a copy of only this Order to Show Cause be made upon the defendants along with the Summons and Complaint at the time that the seizure provided herein, if any, is effected. If any defendant requests all other pleadings, plaintiffs shall provide copies of said pleadings to any identified defendant, and it is further

ORDERED, that any defendant who is hereafter served with a copy of this Order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

DONE AND ENTERED at Jacksonville, Florida this 22nd day of May, 1998 at 2:58 PM

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

7

Page 108
Exhibit A

154